Ricky Jermain HILL, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–94–00698–CR to 01–94–00700–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 1, 1995.

Frances B. Madden, Houston, for appellant.

John B. Holmes, Jr., Lester Blizzard, Mark Vinson, Houston, for appellee.

Before HEDGES, HUDSON–DUNN and MIRABAL, JJ.

## OPINION

HEDGES, Justice.

Appellant Ricky Jermain Hill (also known as Ricky Brooks) pled guilty to the felony offense of aggravated robbery, and the trial court assessed his punishment at 30–years confinement. Contemporaneously, appellant signed a stipulation of evidence in the two causes in which the State had moved to revoke his probations in two earlier offenses. The trial court assessed punishment at seven years confinement on each revocation to be served concurrently with the 30–year sentence. In four points of error, appellant contends the trial court erred in: (1) denying his motion to suppress his written confession; (2) revoking probation in the two earlier offenses; and (3) refusing to set an appeal bond in the probation revocation causes. We affirm.

### Facts

On January 19, 1993, Sergeant J.W. Belk of the Houston Police Department interviewed appellant concerning several criminal episodes, including the "kick burglary" of the home of an alleged Colombian drug dealer that ended in the dealer's death. Denying involvement in the incident, appellant stated that he had heard at the carwash that "Tutu" had shot the victim and that certain other named individuals had been with Tutu. During the interview, the following exchange took place:

Belk: ... How do you think you got caught?

[Appellant]: Somebody had to say something.

Belk: Somebody had to say something, that's right. Why don't you think Ricky's in jail right now?

[Appellant]: I am in jail.

Belk: I mean why don't you think Pat's in jail right now?

[Appellant]: Umm ...

Belk: Why don't you think Bill's in jail right now:

[Appellant]: He is.

Belk: Well he was in jail around Christmas.

[Appellant]: Oh.

The interview was tape recorded, and a written transcription was introduced into evidence at the hearing on appellant's motion to suppress. Appellant was released at the conclusion of the interview.

On February 8, 1993, Sergeants Ladd and J.W. Belk of the Houston police department arrested appellant pursuant to a warrant for aggravated robbery in Richmond, Texas. Appellant was in custody in Fort Bend County for an offense unrelated to this appeal. Judge Elliott of the 268th district court of Fort Bend County informed appellant of the charge and admonished him of his rights, both orally and in writing.

Officers Belk and Ladd took appellant to the homicide division of the Houston Police Department, where he indicated he was willing to give a written statement. When Sergeant Ladd once read him his rights, appellant indicated he understood each of the warnings and still desired to make a statement. Appellant then dictated a description of the aggravated robbery and shooting to Sergeant Ladd, who typed the statement. Appellant then signed and initialled each warning, read and signed his statement, and initialled each page.

At his suppression hearing, appellant recanted his February 8 statement. He testified that during the January 19 interview, Sergeant Belk had given him the impression that he would receive favorable treatment if he talked to the police. He stated that "[Belk] told me, you know [other participants in the robbery] cooperated with [the police] so he didn't charge them and if I cooperated, he would let me go." Sergeant Belk testified he did not tell appellant that if he gave a statement, he would be released. The trial court denied the motion to suppress, announcing from the bench that "the Court finds that the statement made by [appellant] was freely and voluntarily made without coercion or persuasion...."

Appellant contends that Sergeant Belk's questions during the January 19 interview, as set forth above, constitute an improper promise to release him if he gave them a statement. That promise, he argues, wrongfully

induced his statement in violation of the Fifth Amendment of the United States Constitution and article I, section 10 of the Texas Constitution.

## Motion to Suppress Written Confession

In points of error one and two, appellant contends the trial court erred, under U.S. CONST. amend. V, and under TEX. CONST. art. I, § 10 and TEX.CODE CRIM.PROC.ANN. art. 1.05 (VERNON 1977) in admitting into evidence a written confession induced by an improper promise.

■ The trial court is the sole finder of fact in a motion to suppress hearing. *Arnold v. State*, 873 S.W.2d 27, 30 (Tex.Crim.App. 1993). The trial judge is free to believe or disbelieve any or all of any witness' testimony. *Taylor v. State*, 604 S.W.2d 175, 177 (Tex.Crim.App.1980). Abuse of discretion is the standard of review by which we measure the trial court's ruling on a motion to suppress evidence. *Long v. State*, 823 S.W.2d 259, 277 (Tex.Crim.App.1991). We will not overturn a trial court's ruling if it is supported by the record. *Johnson v. State*, 803 S.W.2d 272, 287 (Tex.Crim.App.1990).

■ The proper test by which to measure whether a confession was improperly induced by a promise is set forth in *Fisher v. State*, 379 S.W.2d 900 (Tex.Crim.App.1964):

> To render a confession inadmissible upon the ground that it was induced by the promise of some benefit to defendant, such promise must be positive, and must be made or sanctioned by a person in authority and it must also be of such character as would likely influence the defendant to speak untruthfully.

*Id.* at 902; *see also Colorado v. Connelly*, 479 U.S. 157, 163–67, 107 S.Ct. 515, 519–22, 93 L.Ed.2d 473 (1986). Although a "positive" promise can be something less than unequivocal, it must carry the suggestion of a *quid pro quo*. *Smith v. State*, 779 S.W.2d 417, 428 (Tex.Crim.App.1989).

■ The record clearly supports the trial court's finding that the confession was voluntarily made because the alleged "promise" made by Sergeant Belk is anything but a positive offer to release appellant if he gave a statement. It is indeed a stretch to conclude that the officer's "rhetorical" questions projected a positive promise of the type appellant would have had the trial court adopt at the suppression hearing. Neither federal nor state constitutional guarantees require that appellant's confession be suppressed.

In order to overcome the objective deficiency of his argument, appellant would have us adopt a purely subjective test for unlawful inducement, one in which the contemporaneous understanding of the defendant, no matter how unreasonable, would control. We decline to do so. We know of no authority that would require that kind of subjective evaluation. Nor are we aware of any "practical policy considerations" that would inspire us to adopt a higher degree of protection under the state constitution than that offered by the federal constitution.

We overrule points of error one and two.

## Revocation of probation

■ In point of error three, appellant contends the revocation of probation in cause number 633,996 (unauthorized use of a motor vehicle) and cause number 633,997 (criminal mischief) should either be reversed on the basis of improper revocation or, alternatively, abated to determine whether the trial court revoked on grounds the State had abandoned.

Attached to appellant's stipulation of evidence in each cause is a copy of the State's motion to revoke probation. In each cause, a handwritten notation of "omit" appears next to the allegation in the motion to revoke that he violated the terms of his probation by unlawfully, knowingly, and intentionally causing the death of William Rivas Tello by shooting him with a deadly weapon during the commission of a robbery. There is no indication in the record to identify the source of the notation. The judgment revoking probation in each cause cited the murder of Tello as the basis for violation of the terms of his probation. Appellant contends that the notation "omit" indicates the State abandoned the allegation and that, therefore, the judgment was based on a ground withdrawn by the State. Such a judgment, appellant

contends, is improper and must be reversed. At the very least, he argues alternatively, the notation is sufficiently ambiguous that this Court should abate this appeal and order the trial court to make a fact finding about its origin and import. We disagree.

The most the "omit" notation amounts to is that appellant did not stipulate to that allegation. The State's motion to revoke probation does not contain any disclaimer of the murder allegation. Appellant does not challenge the sufficiency of the evidence to support the finding in the judgment. We believe appellant's mere failure to stipulate to the allegation of the murder of William Tello does not render the judgment erroneous. The trial court revoked probation in each cause on a basis alleged by the State as a violation of that probation. *See Forrest v. State,* 805 S.W.2d 462, 464 n. 2 (Tex.Crim.App.1991) (citing *DeGay v. State,* 741 S.W.2d 445, 449 (Tex.Crim.App.1987)).

We overrule point of error three.

### Lack of Appeal Bond

■ In point of error four, appellant contends the trial court erred in setting no appeal bond in cause numbers 633,996 and 633,997 because he is entitled to a bond under TEX.CODE CRIM.PROC.ANN. art. 44.04(b) (Vernon 1994).

Appellant brings this complaint for the first time on appeal. The record reflects that appellant did not object to the trial court's action, did not develop a record, and did not obtain an adverse ruling. Therefore, he has waived review of this issue by this Court. TEX.R.APP.P. 52(a).

We overrule point of error four.

We affirm the judgment of the trial court.