**The STATE of Texas, Appellant,**

v.

**Jo Beth Karnei KLOECKER, Appellee.**

No. 01–95–01257–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 9, 1997.

John F. Healy, Jr., John Harrity, Greg Gilleland, Richmond, for Appellant.

R.H. Bielstein, Richmond, for Appellee.

Before WILSON, ANDELL and HUTSON–DUNN,* JJ.

## OPINION

HUTSON–DUNN, Justice (Retired).

Appellee, Jo Beth Kloecker, was charged by information with the misdemeanor offense of driving while intoxicated. Following a hearing, the trial court granted her motion to suppress. The State appeals. We reverse.

## FACTS

At approximately 2:30 a.m., appellee, Jo Beth Kloecker, was driving herself home from a Houston nightclub. Appellee testified that, at some point during the 18 miles she traveled from the nightclub before being stopped by a Fort Bend County Sheriff's Deputy, one of the tires on her car went flat. Another motorist who had seen Kloecker's car flagged down Deputy Elias Gonzales and told him that there was a possible drunk driver ahead on the road. Gonzales proceeded down the road in an effort to investigate the report and observed Kloecker driving a Pontiac Firebird at a "real low rate of speed"—approximately five to 10 miles per hour. Gonzales further observed that the left-front tire was missing from Kloecker's wheel; the tireless wheel was causing small sparks as the car continued down the road. Appellant testified and admitted she was driving the car slowly and in the described condition, but denied she was intoxicated.

Gonzales signaled Kloecker to pull over. Despite the presence of a shoulder, she stopped her car in the middle of the road. Upon approaching Kloecker's car, Gonzales asked to see her driver's license. Although it

---

* The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

took her "a while" to locate the license, Kloecker produced it as requested. At the hearing, Gonzales testified that Kloecker's "great difficulty" in locating her license was, to him, an indication that she was intoxicated. Gonzales further testified that Kloecker stumbled as she exited her car. Once out of the vehicle, Gonzales smelled the odor of alcohol on Kloecker's breath.

Gonzales testified that, by the time Kloecker exited her vehicle, he was of the opinion that her mental and physical faculties were impaired from alcohol consumption. After a brief discussion with Kloecker, Gonzales concluded that she was intoxicated. Without performing any field sobriety tests, Gonzales placed Kloecker under arrest and transported her to the Fort Bend County Sheriff's Office. Kloecker was subsequently charged by information with the misdemeanor offense of driving while intoxicated.

## DISCUSSION

In its sole point of error, the State argues that the trial judge abused his discretion in granting appellee's motion to suppress all evidence resulting from Deputy Gonzales' traffic stop of Kloecker.

### Standard of Review

■ "At a suppression hearing, the trial judge is the sole judge of the credibility of the witnesses and of the weight attributable to those witnesses." *Alvarado v. State*, 853 S.W.2d 17, 23 (Tex.Crim.App.1993). The trial judge may choose to believe or disbelieve all or any part of a witness' testimony. *Id.* Absent an abuse of discretion, the findings of the trial judge cannot be disturbed. *Id.;* *Hill v. State*, 902 S.W.2d 57, 59 (Tex.App.— Houston [1st Dist.] 1995, pet. ref'd). "We will not overturn a trial court's ruling if it is supported by the record." *Hill,* 902 S.W.2d

at 59 (citing *Johnson v. State,* 803 S.W.2d 272, 287 (Tex.Crim.App.1990)).

### Analysis

An officer is authorized to stop a motorist who he observes commit a traffic offense. *Goodwin v. State,* 799 S.W.2d 719, 726 (Tex. Crim.App.1990); *Howard v. State,* 599 S.W.2d 597, 600–01 (Tex.Crim.App.1979).

■ At the suppression hearing, Deputy Gonzales testified that he stopped Kloecker because he observed her driving on a tireless metal wheel and he knew that her conduct constituted a traffic offense. Specifically, Gonzales testified that, when he stopped Kloecker, he was aware that her driving without a tire on her wheel was "defective equipment, unsafe." [1] Kloecker's operation of her vehicle in its defective condition, Gonzales testified, created a condition which endangered other persons on the road. At the conclusion of the hearing, the State called the court's attention to a specific provision of the Traffic Regulations which makes it an offense to operate a vehicle "in an unsafe condition so as to endanger any person." [2]

After observing Kloecker commit a traffic offense, Deputy Gonzales was authorized to pull her over. *See Goodwin,* 799 S.W.2d at 726. We hold that the trial court abused its discretion in granting Kloecker's motion to suppress. The order of the trial court granting Kloecker's motion to suppress is reversed.

The State's sole point of error is sustained, and the case is remanded to the trial court.

---

**1.** "It is a misdemeanor for any person to drive ... on any highway any vehicle which is in [an] unsafe condition as to endanger any person...." Tex.Rev.Civ.Stat.Ann. art. 6701d, § 108(a) (Vernon 1977), *repealed* Acts 1995, 74th Leg., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1871 (codified at Tex.Transp.Code Ann. § 547.004 (Vernon 1996)) (hereinafter Traffic Regulations § 108(a)). The trial judge filed no findings of fact or conclusions of law. He did, however, engage in a lengthy

discussion with both attorneys concerning the applicable law in this case.

**2.** At the hearing, the prosecutor referred to the relevant provision of the Traffic Regulations as "article fourteen." Article XIV—entitled "Equipment"—is a subdivision of Tex.Rev.Civ.Stat.Ann. art. 6701d. Section 108—making appellant's conduct criminal—is a particular provision within article XIV.