Affirmed and Opinion filed December 4, 2003









Affirmed and Opinion filed December 4, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01058-CR

____________

 

RICHARD DWAYNE CADDELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 40,734

 



 

O P I N I O N








Appellant, Richard Dwayne Caddell,
was charged by indictment with possession of more than one gram, but less than
four grams, of methamphetamine.  To this
accusation appellant entered a plea of Anot guilty,@ and the parties proceeded to trial
before a jury.  After hearing the
testimony of the witnesses and considering the evidence presented, the jury
returned a guilty verdict.  Thereafter,
the State=s attorney presented to the jury five
enhancement paragraphs relating  to prior
convictions for delivery of a controlled substance, burglary of a motor
vehicle, unauthorized use of a vehicle, aggravated assault with a deadly
weapon, and unlawful possession of a firearm by a felon.  To these enhancement allegations appellant
entered pleas of Anot true,@ but after considering the evidence, the jury found the
enhancement allegations to be Atrue@ and assessed appellant=s punishment at confinement in the
state penitentiary for seventy years.  We
affirm.  

In three points of error, appellant contends (1) the evidence
is factually insufficient to show that the arresting officer had probable cause
or reasonable suspicion to stop appellant (2) the State failed to establish a
chain of custody between the contraband taken from appellant=s person and thereafter admitted at
trial, and (3) his sentence of seventy years constitutes cruel and unusual
punishment.

Factual Sufficiency

At both a pretrial suppression hearing and at trial, Officer
Chad Powers of the Freeport Police Department testified that he observed
appellant run a stop sign.  When Powers
activated his emergency overhead lights and attempted to make a traffic stop,
appellant fled at speeds of up to ninety miles per hour.  After a lengthy chase, appellant drove off
the roadway and collided with a tree. 
While being booked into the Freeport city jail, two small packets of
methamphetamine were discovered on appellant=s person.








Appellant points to two discrepancies in Powers=s testimony in forming his factual
sufficiency argument.  First, the offense
report states appellant was traveling west on West Broad Street when he
ran the stop sign.  Powers testified he
observed appellant driving east on West Broad Street when he ran the
stop sign.  Powers, however, testified
that he did not personally type the offense report, but that he merely
submitted notes regarding the incident from which other employees constructed a
type-written offense report.  Powers
testified that the offense report was incorrect when it asserted that appellant
was driving west on West Broad Street. 
Second, despite admitting that he fled from the police, appellant
testified at the suppression hearing that he never drove more than 30 or 40
miles per hour.  Because the chase lasted
more than half an hour and ended a mere twelve miles from where it began,
appellant asserts that his testimony 
regarding a low-speed pursuit was more believable than Powers=s account of a high-speed chase.  However, Powers=s account of the high-speed pursuit
was corroborated by other officers who joined in the chase.  Moreover, although appellant was captured
only 12 miles from where the chase began, he apparently took a circuitous
route.

Highlighting the aforementioned discrepancies, appellant
argues the evidence is factually insufficient to support the trial court=s denial of his motion to suppress
and the jury=s implied rejection of his challenge
to the legality of the search and seizure under Article 38.23 of the Code of
Criminal Procedure.  In other words,
appellant asks us to assess the admissibility of evidence while employing a
factual sufficiency standard of review. 
We will address the ruling on the motion to suppress and the jury=s implied finding under the Article
38.23 instruction separately.  

Motion to Suppress

When reviewing the trial court=s ruling on a motion to
suppress evidence, we will not engage in our own factual review, but rather we
simply determine whether the trial court=s findings are supported by the
record.  Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990).  If the trial court=s findings are supported by the
record, we are not at liberty to disturb them. 
Hill v. State, 902 S.W.2d 57, 59 (Tex. App.CHouston [1st Dist.] 1995, pet.
ref=d); Green v. State, 892
S.W.2d 220, 221B22 (Tex. App.CTexarkana 1995, pet. ref=d).  At a suppression hearing, the trial judge is
the sole finder of fact.  Arnold v.
State, 873 S.W.2d 27, 34 (Tex. Crim. App.
1993);  Hill, 902 S.W.2d at
59.   The trial judge is free to believe
or disbelieve any or all of the evidence presented.  Romero, 800 S.W.2d at 543.  Accordingly, when assessing the propriety of
a trial court=s ruling on a motion to
suppress evidence, we use an abuse of discretion standard.  Long v. State, 823 S.W.2d 259, 277
(Tex. Crim. App. 1991). 








Thus, in reviewing a trial court=s ruling on a motion to
suppress, we afford almost total deference to the trial court=s determination of the
historical facts that the record supports, especially when the trial court=s findings turn on evaluating a
witness=s credibility and
demeanor.  State v. Ross, 32
S.W.3d 853, 856 (Tex. Crim. App. 2000);  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  We afford the same amount of deference to the
trial court=s ruling on Aapplication of law to fact
questions,@ also known as Amixed questions of law and
fact,@ if resolving those ultimate
questions turns on evaluating credibility and demeanor.  Ross, 32 S.W.3d at 856; Brooks v.
State, 76 S.W.3d 426, 430 (Tex. App.CHouston [14th Dist.] 2002, no
pet.).

Considering the evidence in the record before us, we find
the trial court did not abuse its discretion in denying appellant=s motion to suppress.  Notwithstanding the different descriptions of
the events leading up to appellant=s arrest, the testimony of both
appellant and Officer Powers tells a very similar story.  Although appellant denies committing traffic
violations, including driving above the speed limit, the testimony of an
assisting officer corroborates the facts related to the high-speed car chase
and subsequent arrest.  Therefore, this
portion of appellant=s point of error is overruled.

Implied Finding








The courts of appeals are divided as to the proper standard
of review for implied jury findings under Article 38.23.  The division among the courts of appeals
began with  Coleman v. State, 45
S.W.3d 175 (Tex. App.CHouston [1st Dist.] 2001, pet. ref=d) wherein the First Court of Appeals
applied a factual sufficiency standard of review to challenges of the jury=s implied finding.  Citing Coleman, the Waco and Dallas
courts of appeals also engaged in this type of analysis.  See Davy v. State, 67 S.W.3d 382 (Tex.
App.CWaco 2001, no pet.);  Jones v. State, No. 05-01-01153-CR,
2002 WL 1613711, at *3 (Tex. App.CDallas July 23, 2002, no pet.) (not
designated for publication).  We too
stated, in a panel decision, that a jury=s implied finding under Article 38.23
is subject to a factual sufficiency review. 
Kendrick v. State, 93 S.W.3d 230, 236 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d). 
However, the First Court of Appeals later, in an en banc opinion,
overruled its decision in Coleman concluding that there is Aboth authority and good reason@not to apply a factual sufficiency
review to a suppression issue.  Johnson
v. State, 95 S.W.3d 568, 572-73 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d) (en banc).[1]  Similarly, two other courts have since
rejected requests to apply a factual sufficiency analysis.  See Hanks v. State, 104 S.W.3d 695,
703 (Tex. App.CEl Paso 2003, no pet.) (acknowledging
in its decision that Coleman had been overruled); Hildebrand v. State,
No. 12-01-00310-CR 2002 WL 31617639, at *2 
(Tex. App.CTyler Nov. 20, 2002, pet. ref=d) (not designated for
publication).         

Following the rationale set forth in Johnson, we agree
that sufficiency and admissibility of evidence are distinct
issues.  ASufficiency@ relates to whether the elements
of an offense have been logically established by all the evidence presented,
both admissible and inadmissible.  Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App.
1999) (en banc).  AAdmissibility@ relates to the fairness of
introducing evidence and its logical relevance. 
See Tex. R. Evid. 403;
see also Weaver v. State, 87 S.W.3d 557, 562 (Tex. Crim.
App. 2002) (en banc) (Johnson, J., dissenting) (describing issues of
admissibility as those pertaining to relevance and legislative ideas of
fairness).  Accordingly, legal and
factual sufficiency issues must relate to the elements of the
offense.  See Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997) (limiting a legal sufficiency to the elements of an offense); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (addressing the standard for reviewing the
factual sufficiency of the elements of an offense).  The issue of whether or not evidence was
illegally obtained is not an element of the offense.  See Hanks, 104 S.W.3d at 703.  








We recognize the decision to exclude evidence may hinge to
some degree upon a factual finding.  Pierce
v. State, 32 S.W.3d 247, 251 (Tex. Crim. App.
2000).  But to the extent that the trial
court=s decision rests upon a finding
of fact, the ultimate issue is still the admissibility of evidence, and it
would be inappropriate
for us to utilize a factual sufficiency standard of review in analyzing the
admissibility of evidence.  Accordingly,
we are persuaded that the rationale expressed in by our sister court in Johnson
is correct, and were we writing on a clean slate, and not bound by our previous
decision in Kendrick, our analysis would be different.  However, in light of our decision in Kendrick,
we are compelled by prior precedent to conduct a factual sufficiency review of
the jury=s implied finding.  

When reviewing claims of factual insufficiency, it is our
duty to examine the fact-finder=s weighing of the evidence. 
Clewis, 922 S.W.2d at 133, 134.  There are two ways in which evidence can be
factually insufficient: (1) the evidence is so weak as to be clearly wrong or
manifestly unjust, or (2) the finding of a vital fact is so contrary to the
great weight and preponderance of the evidence as to be clearly wrong.  Zuliani
v. State, 97 S.W.3d 589, 593 (Tex. Crim. App.
2003).  Determining which standard
applies depends upon whether the complaining party had the burden of proof at
trial.  Id.  If the complaining party did not have the
burden of proof, then the Amanifestly unjust@ standard applies.  Id. 
On the other hand, if the complaining party had the burden of proof,
then the Aagainst the great weight and
preponderance@ standard applies.  Id. 
Under the Texas Court of Criminal Appeals= modified approach, if the defendant
challenges the factual sufficiency of the elements of the offense, even though
the State had the burden of proof, we must review the evidence using both
standards.  Id.  Thus, when reviewing factual sufficiency
challenges, we must determine Awhether a neutral review of all of the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak
as to undermine confidence in the jury=s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.@ 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).








Reviewing all of the evidence, we find the jury did not err
in impliedly rejecting appellant=s contention that the
contraband was illegally obtained.  As
was explained earlier, Officer Powers=s testimony established a
necessary basis for arresting appellant. 
While appellant relies heavily on certain discrepancies between the
arrest report and Officer Powers=s testimony, those
discrepancies were logically explained by Officer Powers. 
In summary, nothing in the record before us suggests the evidence is so
weak, or so outweighed by contrary proof, as to undermine our confidence in the
jury=s implied findings.  Therefore, the appellant=s first point of error is
overruled.

Chain of Custody

In his second point of error, appellant challenges the chain
of custody and contends the evidence was not admissible against him.  The record reflects the arresting officer who
seized the contraband at issue, placed it in an evidence bag and dropped it in
a narcotics lock box.  The evidence bag
was later opened by a chemist in the police lab, who ultimately concluded the
substance was methamphetamine.  Because
no one testified that they transferred the evidence bag from the lock box to
the lab, and there was some difference of opinion as to whether the contraband
was Aoff-white@ or Ayellow@ in color, appellant contends the
State failed to show the contraband that was analyzed and introduced in
evidence against him was the same substance seized from his person.

Objections regarding theoretical or speculative breaches in
the chain, without affirmative evidence of impropriety, go to the weight of the
evidence rather than to its admissibility.  
See Lagrone v. State, 942 S.W.2d 602,
617 (Tex. Crim. App. 1997); Durrett
v. State, 36 S.W.3d 205, 208 (Tex. App.CHouston [14th Dist.] 2001, no pet.); Penley v. State, 2 S.W.3d 534, 537 (Tex. App.CTexarkana 1999, pet. ref=d).  
Proof of the beginning and the end of the chain will support the
admission of evidence.  Durrett, 36 S.W.3d at 208. 








The testimony presented by the State established, through an
explanation of the procedures at the laboratory and markings on the exhibit,
that the substance analyzed by the laboratory was the same as seized from the
appellant and introduced at trial. 
Officer Powers testified that after retrieving the evidence from
appellant that he marked it, put it in a tamper proof envelope, and placed it
in a lock box  accessible only by Officer
Garcia, the narcotics investigator.   An
official from the laboratory testified that by using the markings on the
exhibit, he could discern that the sample came from Officer Garcia of the
Freeport Police Department and the evidence envelope had not been opened.  Having shown no affirmative evidence of
tampering, save a weak inference related to descriptions of color and texture,
appellant=s second point of error is overruled.

Cruel and Unusual Punishment  

In his final point of error, appellant contends his sentence
of seventy years constitutes cruel and unusual punishment for such a small
quantity of contraband.   The Eighth
Amendment, which is applicable to the states by virtue of the Fourteenth
Amendment, has been recognized as encompassing a narrow proportionality
principle.  Robinson v. California,
370 U.S. 660 (1962).  In other words,
punishment that is greatly disproportionate to the offense is prohibited. Weems v. United States, 217 U.S. 349, 371
(1910).  Punishment will be grossly
disproportionate to a crime only when an objective comparison of the gravity of
the offense against the severity of the sentence reveals the sentence to be
extreme.  Baldridge
v. State, 77 S.W.3d 890, 893 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d). 
In light of appellant=s repeated recidivism, we do not find his sentence to be
extreme.  Accordingly, appellant=s third point of error is overruled.

The judgment of the trial court is affirmed

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed December 4, 2003.

Panel consists of
Justices Yates, Hudson, and Fowler.

Publish C Tex.
R. App. P. 47.2(b).











[1]  In Johnson,
the court acknowledges that when it issued Coleman there was no
authority to support the application of a factual sufficiency review to
suppression issues.  Johnson, 95 S.W.3d at 573.