Affirmed and Opinion filed February 24, 2005









Affirmed and Opinion filed February 24, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00941-CR

____________

 

LUIS ASCENCIO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 208th
District Court

Harris County, Texas

Trial Court Cause No. 947,388

 



 

O P I N I O N

A jury convicted appellant, Luis Ascencio,
of aggravated sexual assault and assessed punishment at twenty years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  Asserting four points of error, appellant
contends: (1) the trial court committed reversible error and violated his due
process rights when it failed to suppress his involuntary in-custody written
statement; (2) the trial court committed reversible error when it overruled his
objection and allowed the introduction of inadmissable hearsay; (3) the
evidence is legally insufficient to support his conviction; and (4) the
evidence is factually insufficient to support his conviction.  We affirm.          








Factual Background 

Between 6:00 a.m. and 6:30 a.m. on August
13, 2002, the complainant agreed to accompany appellant and his companion in
their van for twenty dollars.  While
appellant drove, his companion performed consensual oral sex on the complainant.  Later, appellant stopped the van and entered the back while
his companion grabbed a sawed-off shotgun and aimed it at the complainant=s face.  Appellant told the complainant his friend
would kill her if she did not have sex with him.  The complainant pleaded for her life and
ultimately succumbed to appellant=s demand.  Shortly after sexual intercourse, the
complainant escaped from the vehicle and ran into a nearby store where she told
employees she had been sexually assaulted at gunpoint by two men in a van.    

Shortly thereafter, Deputy Lancelin, of the Harris County
Constable=s Office, saw appellant and his
companion pushing a white van along the highway and stopped to assist.  The two men explained to Lancelin in broken
English that their van had run out of gas. 
As Lancelin was speaking with the two men, he saw a sawed-off shotgun in
the passenger compartment of the van and arrested appellant and his
companion.  

After his arrest, appellant gave a written statement
corroborating the complainant=s allegations.   In his
statement, appellant said he drove the van up to the complainant while his
friend sat in the passenger seat holding a shotgun.  The complainant entered the van thinking she
would get twenty dollars, but appellant and his friend had no money.  As appellant drove the van, his friend
pointed the shotgun at the complainant while she pleaded for her life.  Appellant parked the van, went into the back
with the complainant, told her to raise her dress, and inserted his penis
inside her vagina while his friend aimed the shotgun at her.   Appellant admitted that before and during
sexual intercourse the complainant pleaded for them not to kill her or aim the
shotgun at her.                                


 

 








Voluntariness of
Confession

In his first point of error, appellant
contends the trial court erred and violated his due process rights when it
failed to suppress his in-custody written statement because it was
involuntarily rendered.  Appellant=s complaint stems
from the facts that his confession was taken late at night and some of his
statements were spoken in Spanish but translated by an officer and rewritten in
English.  

We review the trial court=s ruling on a
motion to suppress evidence under an abuse of discretion standard.  Villarreal v. State, 935 S.W.2d 134,
138 (Tex. Crim. App. 1996).  If supported
by the record, a trial court=s ruling on a
motion to suppress will not be overturned. 
Hill v. State, 902 S.W.2d 57, 59 (Tex. App.CHouston [1st
Dist.] 1995, pet. ref=d). 
At a suppression hearing, the trial judge is the sole finder of
fact.  Arnold v. State, 873 S.W.2d
27, 34 (Tex. Crim. App. 1993); Hill, 902 S.W.2d at 59.  The trial judge is free to believe or
disbelieve any or all of the evidence presented.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990).  We give almost
total deference to the trial court=s determination of
historical facts that the record supports, especially when the trial court=s findings turn on
evaluating a witness=s credibility and demeanor.  State v. Ross, 32 S.W.3d 853, 856
(Tex. Crim. App. 2000); Carmouche v. State, 10 S.W.3d 323, 327 (Tex.
Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997).  We give the same amount of
deference to the trial court=s ruling on mixed
questions of law and fact if the question is resolved by evaluating credibility
and demeanor.  Ross, 32 S.W.3d at
856.  However, we review de novo the
trial court=s application of the law to the historical
facts.  Carmouche, 10 S.W.3d at
327.   








When the voluntariness of a confession is
challenged, the trial court must make an independent determination in the
absence of the jury as to whether the statement was voluntarily made.  Tex.
Code Crim. Proc. Ann. art. 38.22, ' 6 (Vernon 1979); See
Jackson v. Denno, 378 U.S. 368, 380 (1964). 
At this hearing, the State has the burden under the Fifth and Fourteenth
Amendments to prove by a preponderance of the evidence the confession was
voluntary.  Alvarado v. State, 912
S.W.2d 199, 211 (Tex. Crim. App. 1995); see also State v. Terrazas, 4
S.W.3d 720, 724 (Tex. Crim. App. 1999) (citing Tex. Code Crim. Proc. Ann. art. 38.22, ' 6) (stating the
prosecution is not put to this burden unless a defendant presents evidence that
raises a voluntariness question). 

The statement of an accused may be used
against him if it appears it was freely and voluntarily made without compulsion
or persuasion.  Tex. Code Crim. Proc. Ann. art. 38.21 (Vernon 1979).  The statement is involuntary if there was
official, coercive conduct of such nature that any statement obtained was
unlikely to have been the product of an essentially free and unconstrained
choice.  Alvarado, 912 S.W.2d at
211.  Voluntariness must be determined by
considering the totality of the circumstances under which the statement was
obtained.  Creager v. State, 952
S.W.2d 852, 855 (Tex. Crim. App. 1997).   


At the hearing on appellant=s motion to
suppress, the trial judge heard testimony from Investigator Pedro Moreno and
Sergeant D.L. Morgan.  The officers
testified they met with appellant at the Harris County Jail on August 14, 2002,
sometime between 1:30 a.m. and 2:45 a.m. 
Investigator Moreno read appellant his Miranda warnings in
English and Spanish, and appellant waived his rights.  The officers spoke to appellant in a mix of
both languages and had no trouble communicating with appellant in English.  Appellant did not try to end the interview
and did not appear to be under the influence of any narcotic or alcohol.  The officers did not coerce, threaten, or
promise appellant anything in exchange for his statement, nor was appellant deprived
of food, restroom access, or any other basic necessities.  As appellant made his statement, Moreno wrote
what he said in English.  The statement
was completed approximately two hours after the beginning of the
interview.  Once complete, Moreno read
the statement to appellant in English and in Spanish, and appellant signed it
after making some changes.  Because
appellant did not testify at the hearing on the voluntariness of his
confession, he failed to introduce any facts rebutting the State=s evidence the
confession was voluntary.    








The trial court denied appellant=s motion to
suppress, finding the confession and waiver of his rights was made voluntarily
and knowingly.  Appellant contends the
confession was involuntary because it was taken late at night and because some
of his statements were spoken in Spanish but translated by an officer and
rewritten in English.  We find no merit
in appellant=s contention.

The mere fact that appellant=s statements were
given late at night does not render his confession involuntary.  Johnson v. State, 698 S.W.2d 154, 159
(Tex. Crim. App. 1985) (stating lack of food or sleep alone will not render a
confession involuntary).  In this case,
there is no evidence appellant had not slept prior to giving his confession and
no evidence he was even tired.     

Similarly, a statement is not rendered
involuntary merely because a person who speaks only Spanish gives a statement
in Spanish while an officer translates it in writing to English.  See Montoyo v. State, 810 S.W.2d 160,
173B74 (Tex. Crim.
App. 1989); see also Hernandez v. State, 978 S.W.2d 137, 140 (Tex. App.CAustin 1998, pet.
ref=d) (holding
confession was voluntary when defendant made statement in English even though
Spanish was his primary language); Espinosa v. State, 899 S.W.2d 359,
362 (Tex. App.CHouston [14th Dist.] 1995, pet. ref=d) (finding
voluntariness of appellant=s statement was
not affected by the police officer=s inability to
speak Spanish); Cf. Heiselbetz v. State, 906 S.W.2d 500, 512 (Tex. Crim.
App. 1995) (stating officers may reduce a defendant=s oral statement
into writing and may even paraphrase it). 
The record supports the trial court=s finding that
appellant gave his confession voluntarily. 
There is no evidence contradicting the officers= testimony and no
evidence the statement was involuntary. 
We find no abuse of discretion in denying appellant=s motion to
suppress his written statement; accordingly, appellant=s first point of
error is overruled.    

 

 








Excited Utterance

In his second point of error, appellant
contends the trial court committed reversible error when it overruled his
objection and allowed the introduction of inadmissable hearsay.  Specifically, appellant complains Officer
Klaus=s testimony
regarding what the complainant told him about the sexual assault was inadmissable
hearsay.  The State argues this testimony
satisfies the excited-utterance exception to the hearsay rule.  See Tex.
R. Evid. 803(2).  Appellant argues
the statements the complainant made to Officer Klaus were responses to the
officer=s questions, not
excited utterances.       

The admissibility of an out-of-court
statement under an exception to the general hearsay exclusionary rule is within
the trial court=s discretion.  Zuliani v. State, 97 S.W.3d 589, 595
(Tex. Crim. App. 2003) (citing Lawton v. State, 913 S.W.2d 542, 553
(Tex. Crim. App. 1995)).  Therefore, a
reviewing court should not reverse unless a clear abuse of discretion is
shown.  AAn abuse of
discretion occurs >only when the trial judge=s decision was so
clearly wrong as to lie outside that zone within which reasonable persons might
disagree.=@  Id. (quoting Cantu v. State, 842
S.W.2d 667, 682 (Tex. Crim. App. 1992)).

Hearsay is a statement, other than one
made by the declarant while testifying at trial, offered in evidence to prove
the truth of the matter asserted.  Tex. R. Evid. 801(d).  For hearsay to be admissible, it must fit
into an exception provided by a statute or the Rules of Evidence.  Tex.
R. Evid. 802.  An excited
utterance under Texas Rule of
Evidence 803(2) is one such
exception.  See Tex. R. Evid. 803(2). 








An excited utterance is Aa statement
relating to a startling event or condition made while the declarant was under
the stress of excitement caused by the event or condition.@  Tex.
R. Evid. 803(2); Salazar v. State, 38 S.W.3d 141, 154 (Tex. Crim.
App. 2001).  For the excited-utterance
exception to apply, three requirements must be shown: (1) the statement must be
the product of a startling event; (2) the declarant must have been dominated by
the emotion, excitement, fear, or pain of the event; and (3) the statement must
have related to the circumstances of the startling event.  Jackson v. State, 110 S.W.3d 626, 633
(Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).

To determine whether a hearsay statement
is admissible as an excited utterance, the court may consider such factors as
time elapsed and whether the statement was in response to a question.  Salazar, 38 S.W.3d at 154.  However, these factors are not dispositive.  See Lawton, 913 S.W.2d at 553.  The Apivotal inquiry in
determining whether a statement is an excited utterance is >whether the
declarant was still dominated by the emotions, excitement, fear, or pain of the
event.=@  King v. State, 953 S.W.2d 266, 269 (Tex.
Crim. App. 1997) (quoting McFarland v. State, 845 S.W.2d 824, 846 (Tex.
Crim. App. 1992), overruled on other grounds by Bingham v. State, 915
S.W.2d 9, 14 (Tex. Crim. App. 1994)); Drew v. State, 76 S.W.3d 436, 457B58 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d); see Ricondo v. State, 475
S.W.2d 793, 796 (Tex. Crim. App. 1971) (stating an excited utterance is deemed
trustworthy because Ait represents an event speaking through
the person rather than the person speaking about the event@).  








In this case, the trial court heard
testimony from the owner of a local plumbing store describing how the
complainant ran into the store crying, shaking, and screaming that she had just
been raped at gunpoint by two men in a van and needed help.[1]   The store owner said the police were called
within three to four minutes after the complainant ran inside and arrived
approximately five minutes later.  The
court also heard testimony from Officer Klaus, who responded to the distress
call.  Officer Klaus testified that he
arrived at the store within approximately five minutes of the 9-1-1 call and
within ten minutes after the incident occurred. 
Upon his arrival, Klaus testified the complainant had minor abrasions on
her arm and was sitting on the ground with her head on her knees sobbing.  Klaus testified the complainant had tear
stains on her face, appeared extremely upset, and was still under the influence
of the trauma she just experienced. 
Klaus said the complainant appeared to be in shock and was reluctant to
talk at first, but she gave her statement about five minutes later. 

Based on our review of the record, we
cannot say the trial court=s admission of the
officer=s testimony under
the excited-utterance hearsay exception was outside the zone of reasonable
disagreement.  Therefore, appellant=s second point of
error is overruled.

Legal and Factual
Sufficiency

In his third and fourth points of error, appellant contends
the evidence is legally and factually insufficient to support his conviction of
aggravated sexual assault because the complainant=s testimony is not credible.    In a legal sufficiency review, we view all
of the evidence in the light most favorable to the verdict and determine
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 n.12 (1979); 
Garrett v. State, 851 S.W.2d 853, 857 (Tex. Crim. App.1993).  In a factual sufficiency review, we view
all of the evidence in a neutral light, and we will set the verdict aside only
if the evidence is so weak that the verdict is clearly wrong and manifestly
unjust, or the contrary evidence is so strong that the standard of proof beyond
a reasonable doubt could not have been met.  See Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).

Appellant contends the complainant=s allegations are not credible for
the following reasons: she has previous convictions for prostitution and
possession of cocaine; she used drugs the night before the alleged offense;[2]
she agreed to have sex with appellant and his companion for money; she  had a strong motive to fabricate the
allegations because appellant and his companion did not have money to pay her
and intended to leave without paying; she was hesitant to cooperate with the
police; and she refused to consent to a rape kit examination.








The record reveals the complainant ran into a store appearing
to be in distress and claiming she had just been raped.  Officer Klaus arrived withing ten minutes of the alleged
incident and asked the complainant what happened.  The complainant responded that she wanted to
go home.  After about five minutes, the
complainant told Klaus she was walking around the neighborhood when a white van
pulled up next to her.  A Hispanic male
got out of the passenger side with a shotgun and forced her into the back of
the van.  The complainant told Klaus that
one of the men had non consensual intercourse with her after she refused to
perform oral sex on him.  The complainant
told Klaus that after the intercourse, the two men started talking, and she was
able to jump out of the van and run into the store.

At trial, the complainant testified she was offered money to
accompany the men in the van.  She stated
that appellant=s companion performed oral sex on her
in the back of the van while appellant was driving.  Later, the van stopped, appellant entered the
back of the van, and his companion grabbed a sawed-off shotgun and aimed it at
her face.  Appellant told the complainant
she would be killed by his friend if she refused to have sex with him.  After pleading for her life, the complainant
succumbed to appellant=s demand.  Shortly
after intercourse, she was able to escape.

After the complainant=s escape, Deputy Lancelin saw
appellant and his companion pushing a white van.  Deputy Lancelin pulled up to the van, exited
his patrol car, and approached appellant and his companion.  The two men explained to Lancelin in broken
English that they had run out of gas.  As
Lancelin was speaking with the two men, he saw a sawed-off shotgun in the van=s passenger compartment and arrested
appellant and his companion.  

After his arrest, appellant gave a written statement
corroborating the complainant=s allegations.  His
statement was admitted into evidence and read to the jury.  In his statement, appellant said he inserted
his penis inside the complainant=s vagina as his friend aimed the
shotgun at her.  Appellant admitted that
before and during intercourse the complainant pleaded for them not to kill her
or aim the shotgun at her.      








The testimony of a victim, standing alone is
sufficient to support a conviction for sexual assault.  Villalon v. State, 791 S.W.2d 130, 133
(Tex. Crim. App. 1990); Jensen v. State, 66 S.W.3d 528, 534 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d). 
AA decision is not
manifestly unjust merely because the jury resolved conflicting views of the
evidence in favor of the State.@  Cain v. State, 958 S.W.2d 404, 410
(Tex. Crim. App. 1997).  Moreover, the
jury is the sole judge of credibility of the witnesses at trial.  See Johnson v. State, 23 S.W.3d 1, 8
(Tex. Crim. App. 2000).  There is nothing
in the record to suggest the jury=s resolution of
this conflicting testimony was not reasonable. 
Viewing the evidence in a light most favorable to the verdict, we hold
the evidence is legally sufficient to support the jury=s finding of guilt
beyond a reasonable doubt.  Similarly,
after considering the evidence in a neutral light, we hold the evidence is
factually sufficient because the evidence is not too weak to support the
finding of guilt beyond a reasonable doubt, and contrary evidence was not so
strong to conclude the reasonable doubt standard could not be met.  Therefore, appellant=s third and fourth
points of error are overruled.

The judgment of the trial court is
affirmed. 

  

                                                          

 

/s/      John
S. Anderson

Justice

 

Judgment
rendered and Opinion filed February 24, 2005.

Panel consists
of Justices Anderson, Hudson and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant did
not assert any hearsay objections to this testimony.





[2]  The
complainant testified she drank alcohol, smoked marijuana, and took Ecstacy the
night before the sexual assault; but, she said the affects had worn off when
she encountered appellant and his companion that morning.