Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



ANTONIO TREJO,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00294-CR

Appeal from the

41st District Court

of El Paso County, Texas

(TC# 20030D00707)




O P I N I O N

           This is an appeal from a conviction for the offense of injury to a child. Appellant
pleaded guilty to the court, and the court assessed punishment at three years’ imprisonment
in the Institutional Division of the Texas Department of Criminal Justice. We affirm the
judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           Appellant filed a motion to suppress the evidence alleging, among other things, that
the statement he gave to law enforcement officials was involuntarily given. On June 20,
2003, a hearing was held on the motion to suppress the evidence.
           Julio Sanchez, a detective with the Crimes Against Children division of the El Paso
Police Department, testified that he and his partner picked up Appellant at the El Paso
County Jail on January 27, 2003. Appellant was in custody on an injury to a child charge. 
They were investigating an aggravated sexual assault of a child case involving the same child
and the Appellant. They took Appellant to a police department office. Detective Sanchez
spoke to Appellant in Spanish and advised him of his Miranda rights by reading out loud
from a card containing those rights. Appellant said that he understood his rights, and he
signed the card and wrote the time and date. Appellant stated that he did not wish to speak
to the detectives about the incident they were investigating. They stopped the interview. 
While walking back to the jail, Appellant changed his mind and he decided he wanted to go
back and talk to the detectives.
           Detective Sanchez testified that nothing was promised to Appellant in exchange for
his statement. Further, Appellant was coherent, and he was not under the influence of
alcohol. The interview was conducted in Spanish and that was his only language. Detective
Sanchez asked Appellant questions, and when Appellant answered, his responses were typed
on a computer. The statement was then printed out. The first two paragraphs of the
statement contained Appellant’s rights. Appellant stated that he understood the rights and
he signed the statement, and he freely and voluntarily waived his rights. Appellant was given
an opportunity to review the statement. Detective Sanchez asked Appellant to read out loud
the third paragraph of the statement which convinced Detective Sanchez he was able to read
Spanish.


 Appellant was told to silently read the statement in its entirety. He initialed the
beginning and end of each paragraph of the statement. Detective Earl Arbogast and Officer
Lance Lanahan witnessed Appellant signing the statement.
           On cross-examination, Detective Sanchez stated that he did not check if Appellant had
an appointed attorney before he took him from the jail to the police department. The
interview with Appellant lasted two hours, and it was conducted entirely in Spanish as
Appellant spoke no English. It appeared Appellant had been injured, and Detective Sanchez
did not know if Appellant was taking any medications. Detective Sanchez thought Appellant
was literate; but he admitted that he was more educated than Appellant in that he had eighty
hours of college credits. It took Appellant fifteen to twenty minutes to read over the entire
statement; he could see Appellant’s eyes glancing from one side to the other of the page as
he read the statement. Of the officers in the room at the time, Detective Arbogast and Officer
Lanahan were unable to speak Spanish.
           On redirect examination, Detective Sanchez stated that Appellant’s injury did not
affect his ability to understand the questions posed. If Appellant told them that he wanted
to stop the interview, he would have been taken back to the jail. Appellant never complained
that his head hurt or stated that he wanted to discontinue the interview because he was in
pain.
           Detective Earl Arbogast testified that he was present when Appellant signed his
statement, and he was present for a portion of the time while Appellant was reading the
statement out loud. The detective stated that he did not understand the Spanish language, but
it appeared that Appellant was reading the statement.
           After the admission of Appellant’s medical records, Ricardo Garcia testified on
Appellant’s behalf. He stated that he used to work with Appellant doing landscaping work
for a one-year period. Garcia stated that Appellant could not read, and if somebody left a
note for Appellant, Garcia would read the note to him, or Appellant would wait until he got
home and his wife would read the note to him.
II. DISCUSSION
           In Appellant’s Issue No. One, he asserts that the court erred in denying his motion to
suppress the confession because it was not voluntarily given in that Appellant was illiterate
in the Spanish language.


 We review the trial court’s ruling on a motion to suppress evidence
under an abuse-of-discretion standard. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim.
App. 1996). If supported by the record, a trial court’s ruling on a motion to suppress will not
be overturned. Hill v. State, 902 S.W.2d 57, 59 (Tex. App.--Houston [1st Dist.] 1995, pet.
ref’d). At a suppression hearing, the trial judge is the sole finder of facts. Arnold v. State,
873 S.W.2d 27, 34 (Tex. Crim. App. 1993); Hill, 902 S.W.2d at 59. The trial judge is free
to believe or disbelieve any or all of the evidence presented. Romero v. State, 800 S.W.2d
539, 543 (Tex. Crim. App. 1990). We give almost total deference to the trial court’s
determination of historical facts that the record supports, especially when the trial court’s
findings turn on evaluating a witness’s credibility and demeanor. State v. Ross, 32 S.W.3d
853, 856 (Tex. Crim. App. 2000); Carmouche v. State, 10 S.W.3d 323, 332 (Tex. Crim. App.
2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give the same
amount of deference to the trial court’s ruling on mixed questions of law and fact if the
question is resolved by evaluating credibility and demeanor. Ross, 32 S.W.3d at 856.
           We consider de novo issues that are purely questions of law. See Maxwell v. State,
73 S.W.3d 278, 281 (Tex. Crim. App. 2002); Guzman, 955 S.W.2d at 89. Furthermore, if
the trial court’s ruling is reasonably supported by the record and is correct on any theory of
law applicable to the case, the reviewing court will sustain it upon review. Villarreal, 935
S.W.2d at 138. This is true even if the decision is correct for reasons different from those
espoused at the hearing. Id. at 138-39. The trial court’s determination that Appellant’s
statements are voluntary necessarily turns on an evaluation of the police officer’s credibility
and demeanor as opposed to the testimony of Ricardo Garcia. Therefore, we will give
substantial deference to the court’s conclusions that Appellant was literate and could read his
statement.
           When a defendant presents evidence raising a voluntariness question, the prosecution
must controvert that evidence and prove voluntariness by a preponderance of the evidence. 
See Alvarado v. State, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995); Muniz v. State, 851
S.W.2d 238, 252 (Tex. Crim. App.), cert. denied, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d
82 (1993).
           Appellant maintains that the evidence at the suppression hearing proved that Appellant
was illiterate in the Spanish language; therefore, his confession was given involuntarily. 
Appellant argues that the third paragraph which Appellant read to Detective Sanchez
contained his name, address, age, and place of birth; as such, these were matters an individual
would readily know without having to make any reference to the written paragraph. Further,
Appellant points to the fact it took Appellant fifteen to twenty minutes to read a one and one-half page statement. Appellant reasons this was too long and was indicative of Appellant’s
illiteracy. Lastly, Appellant asserts that the testimony of Ricardo Garcia indicated that
Appellant was illiterate.
           Regarding the last contention, the testimony neither indicated when this one-year
period of time occurred, nor did it indicate if the notes were written in English or Spanish. 
Appellant signed his statement and he initialed the beginning and end of each paragraph. He
read the third paragraph of the statement out loud, and he appeared to be reading the rest of
the statement by moving his eyes side to side on the paper. He stated in this confession that
he learned to read Spanish with “the books that are sold” and various comic books. Clearly,
the trial court chose to disbelieve or not give much weight to Appellant’s witness and relied
on the other witnesses’ versions. We find that the court did not err in denying Appellant’s
motion to suppress regarding Appellant’s asserted illiteracy.
           Appellant also contends that the officers initiated questioning after Appellant
indicated that he wished to assert his right to remain silent. Detective Sanchez testified that
Appellant did not wish to speak to the officers, but he changed his mind and decided he
wanted to go back and talk to the officers. Appellant reasons that common sense indicates
that if Appellant was so insistent that he was being taken back to the jail, it was unlikely that
he would change his mind unless the detectives said something to him to make him change
his mind.
           The Fifth Amendment right to counsel is invoked when a person indicates a clear and
unambiguous desire to speak to an attorney or have an attorney present during questioning. 
Cross v. State, 144 S.W.3d 521, 526 (Tex. Crim. App. 2004); Dinkins v. State, 894 S.W.2d
330, 351 (Tex. Crim. App. 1995). Once a suspect invokes his right to counsel, interrogation
by the police must cease until counsel is provided or until the suspect initiates further
communication. Cross, 144 S.W.2d at 526 (quoting Edwards v. Arizona, 451 U.S. 477,
484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)).
           We find that Appellant’s assertions are speculative and it was within the court’s
purview to believe the testimony of Detective Sanchez that Appellant initiated further
communication with the officers. Issue No. One is overruled in its entirety.



           Having overruled Appellant’s Issue No. One, and finding Issue No. Two moot, we
affirm the judgment of the trial court.
                                                                  RICHARD BARAJAS, Chief Justice

June 15, 2006

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)