NUMBER 13-05-038-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







MARCUS DWAYNE COLVIN
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 177th District Court


of Harris County, Texas.






MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Wittig (1)


Memorandum Opinion by Justice Wittig



 Appellant, Marcus Dwayne Colvin, pled guilty to one of two indictments against
him. The plea followed a suppression hearing and the trial court specifically allowed
this appeal. He received a $500 fine and four years of deferred adjudication. The
offenses were alleged to have been committed on June 9, 2004. After the plea, the
second indictment was dismissed by the State. In one issue, appellant contends the
trial court abused its discretion in denying his motion to suppress.

 I.

 In appellant's motion to suppress, he complained his arrest and detention was
made without a warrant and was contrary to the Fourth Amendment of the United
States Constitution, Article I, Section 9 of the Texas Constitution, and Chapter 14 of
the Texas Code of Criminal Procedure. Appellant moved that the fruits of the arrest
be suppressed pursuant to Texas Code of Criminal Procedure article 38.23. See Tex.
Code Crim. Proc. Ann. art. 38.23 (Vernon 2004). The motion was not sworn and no
affidavit by appellant was attached. The trial court ordered the motion to be heard
upon affidavits, and both the State and appellant submitted affidavits. The State's
affidavit was struck because it was not legibly signed. This left the affidavit of
Norman Scott Woodard, a mechanic at a local golf club, as the sole evidence before
the court.

 II.

 We review the trial court's ruling on a motion to suppress evidence under an
abuse-of-discretion standard. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim.
App.1996). If supported by the record, a trial court's ruling on a motion to suppress
will not be overturned. Hill v. State, 902 S.W.2d 57, 59 (Tex. App.-Houston [1st
Dist.] 1995, pet. ref'd). At a suppression hearing, the trial judge is the sole finder of
facts. Arnold v. State, 873 S.W.2d 27, 34 (Tex. Crim. App.1993); Hill, 902 S.W.2d
at 59. The trial judge is free to believe or disbelieve any or all of the evidence
presented. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.1990). We give
almost total deference to the trial court's determination of historical facts that the
record supports, especially when the trial court's findings turn on evaluating a
witness's credibility and demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim.
App. 2000); Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give the same
amount of deference to the trial court's ruling on mixed questions of law and fact if
the question is resolved by evaluating credibility and demeanor. Ross, 32 S.W.3d at
856. However, if the issue is whether an officer had probable cause to seize a
suspect, under the totality of the circumstances, the trial judge is not in an appreciably
better position than the reviewing court to make that determination. Guzman, 955
S.W.2d at 87. Our review is de novo. Id. 

III.


 In his affidavit, Woodard averred that at about 5:10 or 5:20 a.m., he was
approached by an unidentified, armed, plain-clothed policeman claiming to be
investigating an incident at the country club. In his own car, Woodard followed the
officer's car for about two-tenths of a mile to a building where the golf carts were
kept. The lock had been cut and four golf carts and some battery chargers were
missing. Woodard and the officer noticed tire tracks in the grass. Both got into the
officer's personal vehicle and the two drove in the direction of the tire tracks. This led
to a neighboring subdivision where they observed a truck pulling a trailer and driving
in the direction of the golf course. There was usually no traffic at that time of the
morning. The officer pulled behind the trailer and truck and started honking. The
officer told the unnamed driver to stop, and he complied. Woodard noted two battery
chargers and a pair of bolt cutters in the open bed of the truck. Once daylight arrived,
two golf carts were spotted near where the truck was stopped. Woodard estimated
that about twenty-five to thirty minutes had elapsed from his first meeting the officer
at the country club to when the truck was stopped. Woodard does not name any
officer, the appellant, the driver, the passenger, the owner of the vehicle, or anyone
else at the two scenes, nor is any mention made of any property allegedly seized. 
Woodard does not say who, if anyone, was detained or arrested.

 IV.

 Appellant argues that the same standards apply to an investigative stop of an
individual and to detention of a vehicle. All the circumstances and evidence must be
considered as understood by those versed in law enforcement. United States v.
Cortez, 449 U.S. 411, 418 (1981). Consideration of all the circumstances must show
that the officer had a particularized and objective basis for suspicion of the particular
person stopped of criminal activity. Id. Because the only facts presented came from
a non-police witness, there is no way to show the officer had a reasonable suspicion. 
"Indeed, presented only with Woodard's affidavit, the trial court did not even have the
benefit of the officer's name or even the county where the theft or stop took place." (2) 
However, appellant goes on to argue that nothing in Woodard's affidavit suggests that
appellant committed any kind of violation. Indeed, and similarly, we inquire whether
appellant was even present? Did the truck belong to him? Was he a driver, a
passenger or a passer-by? What are the fruits of this alleged improper detention or
seizure?

 V.

 The State counters that appellant has not shown proof of standing or an
expectation of privacy. It cites Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim.
App. 1996). Villarreal holds:

 [T]he accused, because he has greater access to the relevant evidence,
has the burden of proving facts establishing a legitimate expectation of
privacy. Calloway v. State, 743 S.W.2d 645, 650 (Tex. Crim. App.
1988). To carry this burden, the accused must normally prove: (a) that
by his conduct, he exhibited an actual subjective expectation of privacy,
i.e., a genuine intention to preserve something as private; and (b) that
circumstances existed under which society was prepared to recognize his
subjective expectation as objectively reasonable. Smith v. Maryland, 442
U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979); 
Richardson v. State, 865 S.W.2d at 948-949.


Id. 

 The court goes on to instruct, that, inter alia, the following are relevant to the
court's determination of whether the accused's subjective expectation was one that
society was prepared to recognize as objectively reasonable: (1) whether the accused
had a property or possessory interest in the place invaded; (2) whether he was
legitimately in the place invaded; (3) whether he had complete dominion or control and
the right to exclude others; (4) whether, before the intrusion, he took normal
precautions customarily taken by those seeking privacy; (5) whether he put the place
to some private use; and (6) whether his claim of privacy is consistent with historical
notions of privacy. Id. (citing Calloway v. State, 743 S.W.2d 645, 651 (Tex. Crim.
App. 1988)).

 No proof was submitted to the trial court to show that appellant had a property
or possessory interest in the truck or its contents. Whether appellant was even
present at the scene, whether he exercised dominion over the truck, took precautions
to exclude others, had private use of the truck, or whether the claim of privacy, if any,
meets historical notions of privacy, are unknown.

 The State further argues from State v. Klima, 934 S.W.2d 109 (Tex. Crim. App.
1996), that the defendant bore the burden of proving all elements of his Fourth
Amendment claim, including standing. Id. at 111. We agree. Klima holds: "In the
instant case appellee, by bringing the motion to suppress, bore the burden of
establishing all of the elements of her Fourth Amendment claim." Id. (citing Rawlings
v. Kentucky, 448 U.S. 98, 105 (1980)). Part of that proof includes establishing his
or her own privacy interest in the premises searched. Id. (citing Wilson v. State, 692
S.W.2d 661, 666-67 (Tex. Crim. App.1985); Rakas v. Illinois, 439 U.S. 128, 149-50
(1978)). This was not done.

 We can only conclude that appellant has neither shown standing nor has he
established any of the elements of his Fourth Amendment claims. Klima, 934 S.W.2d
at 111.

 The State reiterates that no detention, arrest, search, or seizure specifically
involving appellant was proved by Woodard's affidavit or otherwise. Nor was any
connection made between the complainant named in the indictment, the golf club, or
any property mentioned in the Woodard affidavit. The unspecified property, if any,
that may have been recovered by police or others is simply not shown to have any
nexus with the appellant, Woodard, the golf club, or anyone else. Similarly, there is
no proof appellant was detained or arrested. Thus, appellant failed to meet his burden
to show: (1) he was subjected to an unlawful or unreasonable warrantless detention,
arrest, search or seizure; or (2) that any relevant evidence was seized or recovered as
a result of any detention, arrest, search or seizure that may have been mentioned in
Woodard's affidavit. In short, appellant brings forth a record devoid of the most
elemental questions of who, what, and where. Woodard's affidavit suggests part of
the how and when, but leaves us to either speculate or presume that the events he
witnessed involved appellant, his interests, and his Constitutional rights.

 The State also argues that appellant did not overcome the presumption of proper
police conduct. In light of the holdings in Bishop v. State, 85 S.W.3d 919 (Tex. Crim.
App. 2002), and Rodriguez v. State, 844 S.W.2d 744 (Tex. Crim. App. 1992), we are
not persuaded that such a discussion is either determinative or necessary to our
decision. See Bishop, 85 S.W.3d at 822; Rodriguez, 844 S.W.2d at 745. We would
observe that in this case the trial court ordered, in an agreed setting, that the motion
to suppress would be ruled on based on affidavits filed by both sides. At the
conclusion of the hearing, the judge concluded and ruled that "based on all the
evidence before me, which consists of the affidavit of Mr. Woodard the defendant's
motion to suppress in each case is denied." While the motion to suppress can be the
basis of an allegation of Fourth Amendment violation, the trial court here clearly relied
solely upon the affidavit. Thus, the record establishes the trial court's use of one of
the alternative bases of decision clearly provided for in Texas Code of Criminal
Procedure article 28.01, section § 1(6). Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6)
(Vernon 2004). 

 Appellant has not demonstrated that the trial court abused its discretion. See
Villarreal , 935 S.W.2d at 138. The judgment is affirmed. 
 

 DON WITTIG

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 30th day of November, 2006. 
1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court
of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).
2. Appellant's brief at 6.