**Randall DEMPSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14-92-00068-CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 24, 1993.

Kimberly De La Garza, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant was arrested and charged with the offenses of carrying a weapon and driving while license suspended. After the trial court denied his motions to suppress on both counts, appellant pled guilty and received 90–day concurrent sentences and a $100 fine on the driving while license suspended. In two points of error, appellant claims the trial court erred in failing to suppress evidence unlawfully obtained as a result of the officer's alleged illegal conduct in arresting him without a valid warrant or probable cause as required by the Fourth Amendment to the United States Constitution and Article I, Sec. 9 of the Texas Constitution. We affirm.

On September 5, 1991, at approximately 1:50 a.m., Houston Police Officer Richard Pederson responded to a call regarding a possible disturbance on East 33rd Street. Pederson testified that as he turned onto Eastman Street, he saw appellant's car parked with the motor running, several feet from the stop sign, and appellant was at the wheel without a safety belt. Pederson parked his patrol car in front of appellant's vehicle and activated his emergency lights. Pederson then asked appellant for his driver's license and his purpose for being where he was. Appellant replied that he was waiting for someone to return to the vehicle. Eventually, another individual was seen nearby, although no one was around when Pederson initially questioned appellant, and the officer testified he never saw anyone arrive to get back in appellant's car.

Pederson then requested that appellant exit the car, at which point the officer frisked him and placed him in the patrol car to check his driver's license. After running appellant's license through the police computer, Pederson arrested appellant for three outstanding traffic warrants and a suspended driver's license. Pursuant to an inventory search of the car, Pederson discovered a previously unseen, unloaded pistol on the left rear floorboard. Appellant was charged and later pled guilty to driving while his license was suspended and unlawfully carrying a weapon. The trial court made the following findings and conclusions:

1. When Pederson turned the corner, he noted that appellant's engine was running, the car was stopped and standing twenty feet from the intersection, and appellant was not wearing a safety belt.

2. In the course of investigating both traffic offenses, Officer Pederson determined, based on a computer check, that appellant had three outstanding warrants and a suspended driver's license.

3. Appellant was then arrested, taken into custody, and placed in the patrol car for outstanding warrants and driving while license suspended.

4. During an inventory search, Officer Pederson found an unloaded gun, in plain view, on the floorboard of the back seat.

5. Probable cause existed to make an investigatory stop and detain appellant.

The central issue in this case is whether or not Pederson had adequate cause to detain appellant before he actually arrested him. Clearly, Pederson had probable cause to arrest appellant after discovering appellant's outstanding warrants. However,

our focus must be directed at whether Pederson had sufficient facts to justify his decision to initially detain and frisk appellant. We find that he did.

█ A person has been seized for Fourth Amendment purposes if in view of all the surrounding circumstances, a reasonable person would have believed that he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). Probable cause is required for a valid arrest. *See Whiteley v. Warden*, 401 U.S. 560, 566, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). However, with regard to a temporary investigatory stop, circumstances short of probable cause will permit official detention of an individual for purposes of obtaining more information, or to determine whether a crime has been committed. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, the officer must have specific, articulable facts that give rise to a reasonable and articulable suspicion of criminal activity sufficient to justify the seizure. *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979).

█ In the present case, Pederson testified that he believed appellant to be in violation of two provisions of Tex.Rev.Civ. Stat.Ann. art. 6701d (Vernon Supp.1992), dealing with illegal stopping or standing within thirty feet upon the approach to a stop sign, and the failure to wear a seat belt. Pederson gave only approximations of the distance between appellant's car and the stop sign, but did state it was either "several feet" or "about 20 feet." However, the officer need not observe all the elements of an offense, but must merely reasonably believe that an offense is occurring in order to make an arrest. *Valencia v. State*, 820 S.W.2d 397 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd).

█ A routine traffic stop does not normally constitute a custodial arrest, but only a temporary investigative detention. *See Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). The specific circumstances in which Pederson found appellant must be evaluated to determine if they rise to the level of articulable facts which would justify his decision to temporarily detain appellant. The officer was responding to a call at approximately 2 a.m. regarding a possible disturbance in the area. He found appellant parked at a curb in a vehicle with the motor running. He observed that appellant was parked within the prohibited statutory range from the stop sign, and he was not wearing his seat belt. From these facts alone, we find that Pederson at least had articulable facts and an adequate degree of suspicion to enable him to temporarily detain appellant for further investigation. After learning of appellant's outstanding warrants and license suspension, Pederson undoubtedly had probable cause to arrest appellant on those grounds. Point of error one is overruled.

█ In point of error two, appellant offers a contrary view. He suggests that Texas law does not provide for temporary investigative detention unless the officer suspects a felony or an offense involving a breach of the peace. We disagree, because police officers are charged with the duty of enforcing traffic violations, and here, Officer Pederson had sufficient articulable facts to detain and seek further information regarding the suspected traffic violations. *See Keaton v. State*, 755 S.W.2d 209, 210 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). When he found appellant, alone, in the early morning hours, stopped with his motor running twenty feet from a stop sign without a seat belt, he had a reasonable basis to justify his temporary detention of appellant and to investigate further. He maintained the status quo, sought to determine appellant's identity, and sought to further confirm his suspicion that appellant had committed traffic violations. During this temporary investigative process, he discovered that appellant had outstanding warrants and then he clearly was justified in arresting him. Also, during this brief time, he noted that no one showed up to verify appellant's story.

█ Contrary to appellant's assertion, the "relevant inquiry" for the propriety of a temporary investigative detention is not

whether the appellant's actions were as consistent with lawful activity as with unlawful activity. Rather, the relevant inquiry is directed at the degree of suspicion that attaches to the particular non-criminal acts. *Holladay v. State*, 805 S.W.2d 464, 473 (Tex.Crim.App.1991). *See also Townsend v. State*, 813 S.W.2d 181 (Tex.App.— Houston [14th Dist.] 1991, pet. ref'd) (weaving across traffic lanes implicated suspicion of driving while intoxicated).

Here the case for a proper detention is strong. It is not necessary for us to analyze whether appellant's actions of sitting in a parked car with the motor running during the wee hours of the morning is consistent with innocent activity, because the suspected violations of the traffic laws present adequate articulable facts to support appellant's detention.

■ Nor do we find merit in appellant's argument that even if such a detention is permissible under the Fourth Amendment of the U.S. Constitution, Art. I, sec. 9 of the Texas Constitution precludes a temporary investigative stop under the facts of this case. We find nothing in recent, applicable Texas case law to suggest that Art. I, sec. 9 would require any more restrictions on the peace officer under these circumstances than does the U.S. Constitution. *See Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App.1991); *Holladay, supra; Crockett v. State*, 803 S.W.2d 308 (Tex. Crim.App.1991); *State v. Grant*, 832 S.W.2d 624 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd); *Townsend, supra; Willis v. State*, 801 S.W.2d 204 (Tex.App.— Houston [14th Dist.] 1990, pet. ref'd). Accordingly, point of error two is overruled.

The judgment of the trial court is, therefore,

AFFIRMED.