TO: MR. DAVID R. DOW (ATTY.)
700 LOUISIANNA ST. STE. 2300
HOUSTON, TX. 77002-2740

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 05 2015
Abel Acosta, Clerk

RE: FALSE IMPRISONMENT, JUDICIAL BOIAS &
CONSPIRIARY (TURNING BLIND EYE) BY THE 1ST CT.
OF APPEAL'S THE TEXAS COURT OF CRIMINAL
APPEALS / STAFF TO COVER UP THE CRIMINAL
ACTS BY GALVESTON COUNTY STATE / CITY
AGENTS. ~~~~~~ IS BY ARBITRIARLY DEN-
YING MY ART. 11.07'S 10CR1217-83-2-10CR12-
17-83-6 (10CR1217-83-7 PENDING); ALLOW-
ING TRIAL JUDGE ARBITRIARLY CONTINUE
TO ISSUE NULL / VOID ORDER'S BY THIS
JUDGE NOT RULING ON MOTION'S TO
RECUSE AS MANDATED PRIOR TO ANY
ART. 11.07 PROCEEDINGS.

SIR. I READ THE ×RECENT× TEXAS MONTHLY
AND THE EXHIBIT'S I'M ENCLOSING OVER
200 PAGES. ARE DOCUMENT'S PRESENTED
TO 01-11-00822-CR APPEAL COURT
SEE. ISSUE 3 WITH CASE LAW'S I'VE ALSO
SENT TO 1d. APPEAL COURT AND IN
ALL WRITS 10CR1217-83-3; 10CR1217-83-4
; 10CR1217-83-5 (WILL SHOCK YOU THE
REASON. NEW EVIDENCE FROM VICTIM
SEE. EXHIBIT'S 01-3 FROM HER.

1

I'VE WROTE C.C.A. GENERAL COUNSEL'S SEE, EXH. Z23, DUO FROM PRISON STAFF OF 5-27-28-2015 MAILING DIRECTLY TO HON. SHARON KELLER.

IT'S NO WAY MY WRIT'S COULD ALL BE DENDED HATD THE CLERKS OF THAT COURT TRUELY PRESENTED MY WRIT'S SPECIFICALLY, WDCR1217-83-3 - WDCR1217-83-6 TO ANY JUSTICE. IF THE CLERK DID THAT JUSTICE HAS CLEARLY JOINED IN THE COMMON SCAM TO ASSIST GALVESTON COUNTY OFFICIALS ILLEGALLY CONFINE ME. SEE, ALL CASE LAWS ATT-ACHED LI-L25, RELATED TO VOID JUDGMENT GPD # 2010-13986 EXH. M1-M19.

I BELIEVE/FEEL THIS COURT AND JUSTICE'S HAS DISCRIMINATED AGAINST ME DUE TO MY PROSE STATUS / RACE BECAUSE I CHA-LLENGED / EXPOSED THE ONGOING INJUSTICE, BEING DONE TO ME THE C.C.A / STAFF ARE AWARE OF MY FALSE/ILLEGAL IMPRISON-MENT. Sherwood Lee

C/C SHARON KELLER CHIEF JUSTICE 6-1-15

IN THE TEXAS COURT OF CRIMINAL APPEALS

RE: 10CR1217-83-3, 10CR1217-83-4, 10CR1217-83-7, 01-11-00822CR ISSUE #3.

RE: T.R.A.P. RULE 2 APPLIED OR PROPER REMEDY BY COURT UNDER T.R.A.P. ON OWN OPEN SAID CASES IN THE IN-TREST OF JUSICE DUE TO THE MIS-CARRIAGE OF JUSTICE, THOMAS WAYNE FLORENCE'S FALSE AND UNLAWFUL; ILLEGAL IMPRISONMENT BASED ON NULL AND VOID FALSE DOCUMENT GRB #2010-139186 USED TO CHARGE; ARREST; INDICT HIM (ADMITTED) AS R.R. VOL 5 of 9 P.176 TESTIMONY FROM TRIAL JUDGE AND NO DISPUTE FROM STATE'S 3-A-D.A's AT TRIAL.

PRO SE, APPELLANT, MOVE COURT, LAW CLERKS AND GENERAL COUNSEL(S) TO LIBERALLY CON-STRUE HIS PRO SE PLEADINGS (HAINES v. KERNER, 404 US 519, 520 (1972)) AS HE'S CON-TINUE'S TO REQUEST.

ATTACHED IS BROOKS v. STATE, 76 SW3d 426 (TEX'4 APP. HOUSTON 2002) FROM GALVESTON COUNTY TEXAS.

THE SISTER COURT CITES ART. 45.019 [FN1] (a)(2)(4)(7), RELATED TO COMPLAINT'S FILED IN MUNICIPAL OR JUSTICE

FN1. ART. 1.23

/

OF THE PEACE COURTS, SEE, STATE V. ZORRILLA, 404 SW3d 734, 737 N2 (TEX. APP. SAN ANTONIO 2013) CITING, ART. 45.018, 45.019, (REQUISITES).

SEE, 01-11-00822-CR ISSUE#3, SEE, THE STATES SPECIAL PROS. ISBELL FN2.

THE APPEAL COURT NEVER ADDRESSED MY APPEAL ARGUMENT NOR STATES APPEAL REPLY TO ISSUE#3, WERE ARGUING THE REQUISITES OF GPD# 2010-13986 CHAR-GING, ARREST, INDICTMENT DOCUMENT. Id. 2010-13986 NOT GPD# 2010-13986 SEARCH AFFIDAVIT FILED 9 MONTHS LATER AFTER (1-4-2011) MY APRIL 22,2010 ARREST, CHAR-GING, AND INDICTMENT, BASED ON THE VOID ARREST DOCUMENT, COX V. STATE 65 SW3d 664, 668 (TEX. APP. CRIM. 2001) (FROM CT. APP. 14 HOUSTON).

I HAVE A CONSTITUTIONAL RIGHT TO HAVE MY ISSUE NO. 3 ADDRESSED.

THE STATE ART. 11.07 COURT AND THIS COURT FAIL AND CONTINUE TO FAIL TO ADDRESS MY ISSUE RAISED AT TRIAL NO LEGAL CONCLUSION MADE, RAISED

FN. 2 SEE, REYES V. STATE, CITED IN STATE V. ZORRILLA, ATTY. ALLEN C. ISBELL (1982)

2

ON DIRECT APPEAL ISSUE NO. 3 AND NO LEGAL CONCLUSION MAKE ON THIS ISSUE ( SEE. PROSE, REPLY BRIEF AND EXHIBIT's FILED IN 01-11-00 822 CR AFTER 7-30-13 VOID JUDGMENT / VOID 3-14-14 MANDATED ISSUED OVER MY OBJECTION.

SEE. 7-30-13- ISSUE#3. KEYE's AND COURT STATE' ART. 1.23, (45.019 (a) (4) (7)) DOES NOT PERTAIN TO COMPLAINTS.

SEE, Id. ALSO SEE. KEYE's, AND COURT's OWN 2008 OPINION CITING ART. 1.23, 45.019 (a)(4) SUPPORT ISSUE#3 (01-11-00822CR) KASSEM V. STATE, 263 SW3d 377 (TEX. APP. 1 ST DIST. HOUSTON 2008).

THIS SHOWS THAT THE COURT's HAS BEEN, BIAS, AND HAS TURNED A BLIND EYE TO MY FALSE ARREST, ILLEGAL CONVICTION, ILLEGAL IMPRISONMENT BIASED ON FABRICATED AND VOID GJ10# 2010-13986 4-22-10 CHARGING AND ARREST DOCUMENTS AND Id. DOCUMENT'S USED 7-14-10 TO OBTAIN THE INDICTMENT THOSE WERE THE ONLY DOCUMENT' (MISDIRECTED) PRESENTED TO 7-14-10 GRANDJURY AS TRIAL JUDGE (TESTIFIED) ADMITED R.R. VOL. 5 of 9 P. 176.

SUBMITTED TO COURT's INVOLVED IN THIS CASE.

COPY OF PLEADING's AND DOCUMENT'S DUE FROM PRISON MAIL ROOM OF 5-27-28-15 MAILING TO HON. KELLER PACKAGE TO INN. PROJ. MR. DAVID DOW UN. HOUSTON BEING SENT 6-2-15.         3

TERRANCE DEWAYNE BROOKS, Appellant v. THE STATE OF TEXAS, Appellee
COURT OF APPEALS OF TEXAS, FOURTEENTH DISTRICT, HOUSTON
76 S.W.3d 426; 2002 Tex. App. LEXIS 1162
NO. 14-01-00080-CR
February 14, 2002, Rendered
February 14, 2002, Opinion Filed

**Editorial Information: Prior History**

On Appeal from the 10th District Court, Galveston County, Texas. Trial Court Cause No. 99CR0188.

**Disposition:**
Affirmed.

**Counsel** For Appellants: Kevin C. Rekoff of Galveston, Tx.
For Appellees: B. Warran Goodson, Jr. of Galvaston, Tx.

**Judges:** Panel consists of Justices Anderson, Hudson, and Frost.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** After the 10th District Court, Galveston County, Texas, denied defendant's motion to suppress, he pled no contest to possession with intent to deliver a controlled substance and was sentenced to prison. Defendant appealed. Defendant's motion to suppress on the grounds of an illegal arrest was properly denied, because some arrest warrants for his failure to appear were valid, he ran from police, and they had probable cause to believe he was possessing cocaine.

**OVERVIEW:** Defendant was a crime suspect and had several outstanding warrants. Police saw a man matching defendant's description holding a clear plastic bag containing a white substance. He got in a car and drove off. They pursued him; he jumped from the moving vehicle and ran. He was captured, the bag was recovered, and its contents proved to be cocaine. The appellate court held that the suppression motion was properly denied, as defendant's arrest was lawful for three reasons: (1) 7 of the 19 arrest warrants for failure to appear were valid, as they were issued upon the clerk's affidavit of personal knowledge of defendant's failure to appear; (2) defendant's flight gave the officers probable cause to arrest him; and (3) seeing the bag of white powder gave police probable cause to believe defendant was committing a crime. As the trial court stated that its sentence would not be based on any prior arrest or offense for which defendant was not convicted, the failure of the State to give defendant notice under Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon Supp. 2002) of the offenses it presented to the trial court, even if error, was harmless error on the facts of the case.

**OUTCOME:** The judgment was affirmed.

**LexisNexis Headnotes**

*Criminal Law & Procedure > Appeals > Standards of Review > Abuse of Discretion > General Overview*
*Criminal Law & Procedure > Pretrial Motions > Suppression of Evidence*
*Criminal Law & Procedure > Witnesses > Credibility*
*Criminal Law & Procedure > Appeals > General Overview*
*Criminal Law & Procedure > Appeals > Standards of Review > Abuse of Discretion > Evidence*

An appellate court reviews the trial court's ruling on a motion to suppress evidence under an abuse of discretion standard. A trial court's ruling on a motion to suppress, if supported by the record, will not be overturned. At a suppression hearing, the trial judge is the sole finder of fact. The trial judge is free to believe or disbelieve any or all of the evidence presented. In reviewing a trial court's ruling on a motion to suppress, the appellate court affords almost total deference to the trial court's determination of the historical facts that the record supports, especially when the trial court's findings turn on evaluating a witness's credibility and demeanor. It affords the same amount of deference to the trial court's ruling on application of law to fact questions, also known as "mixed questions of law and fact," if resolving those ultimate questions turns on evaluating credibility and demeanor.

*Criminal Law & Procedure > Appeals > Standards of Review > De Novo Review > General Overview*
*Criminal Law & Procedure > Search & Seizure > Search Warrants > Probable Cause > Sensory Perceptions*
*Criminal Law & Procedure > Pretrial Motions > Suppression of Evidence*
*Criminal Law & Procedure > Appeals > Standards of Review > De Novo Review > Motions to Suppress*

Review of a trial court's decision on a motion to suppress calls for the reviewing court to consider de novo issues that are purely questions of law, such as whether reasonable suspicion or probable cause existed at the time of the search or seizure. If the trial court's ruling is reasonably supported by the record and is correct on any theory of law applicable to the case, the reviewing court will sustain it upon review. This is true even if the decision is correct for reasons totally different from those espoused at the hearing.

*Criminal Law & Procedure > Appeals > Standards of Review > General Overview*
*Civil Procedure > Judgments > Relief From Judgment > General Overview*
*Criminal Law & Procedure > Search & Seizure > Search Warrants > General Overview*
*Criminal Law & Procedure > Search & Seizure > Search Warrants > Probable Cause > General Overview*
*Criminal Law & Procedure > Pretrial Motions > Suppression of Evidence*

If an appellate court disagrees with the trial court's reason for denying a motion to suppress, but finds its ruling on the motion correct on a different theory of law applicable to the case, it still may sustain its decision.

*Criminal Law & Procedure > Search & Seizure > Search Warrants > Probable Cause > General Overview*
*Constitutional Law > Bill of Rights > Fundamental Rights > Search & Seizure > Scope of Protection*
*Constitutional Law > Bill of Rights > Fundamental Rights > Search & Seizure > General Overview*
*Constitutional Law > Bill of Rights > Fundamental Rights > Search & Seizure > Probable Cause*
*Constitutional Law > Bill of Rights > Fundamental Rights > Search & Seizure > Warrants*
*Criminal Law & Procedure > Search & Seizure > Search Warrants > General Overview*
*Criminal Law & Procedure > Search & Seizure > Warrantless Searches > General Overview*

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

The United States and Texas Constitutions protect against unreasonable seizures and prohibit warrants lacking probable cause. U.S. Const. amend. IV; Tex. Const. art. I, § 9. Arrests generally must be supported by the same level of probable cause, with or without a warrant.

*Criminal Law & Procedure > Search & Seizure > Search Warrants > Issuance by Neutral & Detached Magistrates*
*Criminal Law & Procedure > Search & Seizure > Search Warrants > Probable Cause > General Overview*
*Constitutional Law > Bill of Rights > Fundamental Rights > Search & Seizure > Probable Cause*
*Constitutional Law > Bill of Rights > Fundamental Rights > Search & Seizure > Warrants*
*Criminal Law & Procedure > Accusatory Instruments > General Overview*
*Governments > Courts > Judges*

A detached and neutral magistrate must find probable cause before a warrant for an arrest may be issued. For purposes of constitutional scrutiny, there is no substantial difference between an arrest warrant and a capias. An affidavit must provide the magistrate with sufficient factual information to support an independent judgment that probable cause exists to believe that the accused has committed an offense. Thus, the magistrate's action cannot be a mere ratification of the bare conclusions of others. In determining the sufficiency of an affidavit supporting an arrest warrant, a reviewing court is limited to the "four corners" of the affidavit. Affidavits are viewed in a common sense rather than hypertechnical manner. A presumption is indulged in favor of the regularity of the proceedings in a lower court unless the record presents affirmative evidence to the contrary.

*Constitutional Law > Bill of Rights > Fundamental Rights > Search & Seizure > Probable Cause*

The failure to appear in court is a unique offense for purposes of issuing an arrest warrant. By its very nature, a defendant's failure to appear is typically within the court's personal knowledge. Whether the defendant appears or fails to appear is an easily ascertainable, objective event - either the party is in court or he is not in court. Where the trial court issuing the warrant is supplied with sufficient information to support an independent judgment that probable cause exists for the warrants, the fact that an accused has such an outstanding warrant gives officers probable cause to arrest him.

*Constitutional Law > Bill of Rights > Fundamental Rights > Search & Seizure > Probable Cause*
*Criminal Law & Procedure > Search & Seizure > Search Warrants > Probable Cause > Personal Knowledge*

An arrest warrant for failure to appear is supported by probable cause where the personal knowledge of the judge and clerk is expressly set forth in the warrant and the clerk's certificate, respectively.

*Criminal Law & Procedure > Appeals > Standards of Review > General Overview*
*Criminal Law & Procedure > Pretrial Motions > Suppression of Evidence*

If a trial court's ruling is correct on any theory of law applicable to the case, an appellate court may sustain it upon review. This is true even if the decision is correct for reasons totally different from those espoused at the hearing.

*Criminal Law & Procedure > Search & Seizure > Seizures of Persons*
*Criminal Law & Procedure > Criminal Offenses > Vehicular Crimes > General Overview*

A suspect's flight from police officers, after they order him to stop, provides the police with probable cause

to believe that the suspect is evading arrest or detention. Flight from a show of authority is a factor in support of a finding reasonable suspicion of criminal activity.

*Criminal Law & Procedure > Criminal Offenses > Miscellaneous Offenses > Resisting Arrest > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Miscellaneous Offenses > Fleeing & Eluding > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Miscellaneous Offenses > Fleeing & Eluding > Elements*

A person evades arrest or detention if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him. Tex. Penal Code Ann. § 38.04(a) (Vernon 1994).

*Criminal Law & Procedure > Search & Seizure > Seizures of Persons*

A peace officer may arrest an offender without a warrant for any offense committed in the officer's presence or within the officer's view. Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977).

*Criminal Law & Procedure > Appeals > Standards of Review > Abuse of Discretion > General Overview*
*Criminal Law & Procedure > Sentencing > Presentence Reports*
*Criminal Law & Procedure > Appeals > Standards of Review > Abuse of Discretion > Evidence*

An appellate court reviews the trial court's ruling as to the admissibility of extraneous offense evidence under an abuse of discretion standard.

*Evidence > Relevance > Prior Acts, Crimes & Wrongs*

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon Supp. 2002).

*Evidence > Relevance > Prior Acts, Crimes & Wrongs*

Reports of prior arrests and offenses without convictions are generally held not admissible on the issue of punishment. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon 1981). However, if the trial court considers only evidence which has resulted in a final conviction, notice is not required.

*Criminal Law & Procedure > Appeals > Reversible Errors > General Overview*
*Criminal Law & Procedure > Sentencing > Presentence Reports*

Error affects a substantial right and is reversible when it has a substantial and injurious effect or influence in determining the trial court's sentencing decision.

Opinion

**Opinion by:** LaWanda Shelton]; Kem Thompson Frost

Opinion

{76 S.W.3d 428} Appellant Terrance Dewayne Brooks appeals his conviction of possession with intent

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

to deliver a controlled substance. He contends the trial court erred by denying his motion to suppress and by improperly admitting evidence of extraneous offenses during punishment. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 30, 1998, during the usual midnight shift briefing, Texas City patrol {76 S.W.3d 429} officers learned that appellant was a suspect in a series of armed robberies and had several outstanding municipal court warrants. The officers were provided with a description of appellant and his vehicle. The vehicle was described as a beige Oldsmobile Cutlass Supreme, with license plate number 117VQN.

Early the next morning, Officer John Zimmers saw an unoccupied vehicle matching the description of appellant's automobile at the Sundance Apartments in Texas City. After a few hours of surveillance, Officer Zimmers saw an African American male fitting appellant's description, using a cellular telephone and holding a plastic bag containing a white substance, get in the car and drive away. Officer Zimmers immediately notified the police dispatch operator and his supervisor, Sergeant LaRoe.

Officer Brett Cyr, patrolling nearby in an unmarked police car, saw the vehicle leave the apartment complex. Officer Cyr allowed the vehicle to pass him and then positioned his vehicle behind appellant's vehicle at a stop light and activated his emergency lights. Two other police cars did the same. Appellant slowed briefly, but continued through the red light, going east. Officer Cyr turned on his siren after he saw appellant running the red light. With emergency lights engaged and siren on, Officer Cyr pursued the vehicle to 13th Avenue, where it turned into the parking lot of the Bay Point Apartments.

Officer Zimmers, already parked in the Bay Point Apartments' parking lot, watched appellant's vehicle as it entered the complex. Officer Zimmers got out of his car and drew his weapon when appellant's car approached him. Appellant accelerated and drove toward Officer Zimmers. After passing Officer Zimmers, appellant jumped from his still moving vehicle and started to run. Officer Zimmers and Sergent LaRoe saw appellant run into the apartment complex carrying a transparent plastic bag containing a white substance. Sergeant LaRoe chased appellant until he eventually tackled him. Then, with assistance from other officers, Sergeant LaRoe restrained appellant. The officers took appellant into custody and seized the plastic bag in his possession. The contents of the plastic bag tested positive for cocaine. The Texas City police arrested appellant.

Appellant provided a slightly different version of the events. Appellant testified that although he saw the police car behind him, he did not stop because he believed he was not doing anything wrong. Furthermore, appellant testified that the reason he jumped from his moving car and started to run was not because he was carrying 400 grams of cocaine, but because he saw an officer holding a weapon and was afraid of being shot. Appellant claims that Officer Zimmers drew his gun before appellant drove toward him.

Appellant was indicted with the felony offense of possession of more than 400 grams of cocaine with the intent to deliver. He filed a motion to suppress the cocaine seized during his arrest. After a hearing, the trial court denied appellant's motion to suppress. Appellant then entered a plea of no contest and waived his right to a jury trial. The trial court found appellant guilty as charged and assessed punishment at forty years' confinement in the Texas Department of Criminal Justice, Institutional Division.

## II. MOTION TO SUPPRESS

In his first point of error, appellant contends the trial court erred in denying his motion to suppress

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

evidence obtained during his arrest. More specifically, appellant argues that the police lacked probable cause to arrest and search him based on outstanding municipal arrest warrants.

{76 S.W.3d 430} At the hearing on appellant's motion to suppress, the State asserted the following three grounds in justification of appellant's arrest and search: (1) nineteen separate Texas City municipal arrest warrants 'for the failure to appear'; (2) evading arrest; and (3) possession of cocaine. The trial court denied appellant's motion to suppress on the ground that seven of the nineteen municipal arrest warrants were supported by probable cause. Appellant contends the trial court erred because the warrants fail to contain sufficient factual assertions by an affiant with personal knowledge to establish probable cause. Appellant's contention, as to the seven warrants at issue, lacks merit. 1

### A. Standard of Review

We review the trial court's ruling on a motion to suppress evidence under an abuse of discretion standard. *Long v. State*, 823 S.W.2d 259, 277 (Tex. Crim. App. 1991). A trial court's ruling on a motion to suppress, if supported by the record, will not be overturned. *Hill v. State*, 902 S.W.2d 57, 59 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd). At a suppression hearing, the trial judge is the sole finder of fact. *Arnold v. State*, 873 S.W.2d 27, 34 (Tex. Crim. App. 1993); *Hill*, 902 S.W.2d at 59. The trial judge is free to believe or disbelieve any or all of the evidence presented. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

In reviewing a trial court's ruling on a motion to suppress, we afford almost total deference to the trial court's determination of the historical facts that the record supports, especially when the trial court's findings turn on evaluating a witness's credibility and demeanor. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford the same amount of deference to the trial court's ruling on "application of law to fact questions," also known as "mixed questions of law and fact," if resolving those ultimate questions turns on evaluating credibility and demeanor. *Ross*, 32 S.W.3d at 856.

Review of a trial court's decision on a motion to suppress calls for the reviewing court to consider *de novo* issues that are purely questions of law, such as whether reasonable suspicion or probable cause existed at the time of the search or seizure. *See Guzman*, 955 S.W.2d at 89. If the trial court's ruling is reasonably supported by the record and is correct on any theory of law applicable to the case, the reviewing court will sustain it upon review. *See Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). This is true even if the decision is correct for reasons totally different from those espoused at the hearing. *See id.*

In this case, the trial court specifically stated it was denying the motion to suppress on the sole ground that the seven municipal warrants provided the officers with probable cause to arrest and search appellant. Because the trial court specified its reason for denying the motion, we must first address that ground. However, if we disagree with the trial court's reason, but find its ruling on the motion to suppress {76 S.W.3d 431} correct on a different theory of law applicable to the case, we still may sustain its decision.

### B. Probable Cause to Arrest and Search

The United States and Texas Constitutions protect against unreasonable seizures and prohibit warrants lacking probable cause. *See* U.S. CONST. amend. IV; TEX. CONST. art. I § 9. Arrests generally must be supported by the same level of probable cause, with or without a warrant. *See Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 564-66, 28 L. Ed. 2d 306, 91 S. Ct. 1031 (1971). A detached and neutral magistrate must find probable cause before a warrant for an arrest may be issued. *Coolidge v. New Hampshire*, 403 U.S. 443, 449, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971). For purposes of constitutional scrutiny, there is no substantial difference between an arrest

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

to deliver a controlled substance. He contends the trial court erred by denying his motion to suppress and by improperly admitting evidence of extraneous offenses during punishment. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 30, 1998, during the usual midnight shift briefing, Texas City patrol {76 S.W.3d 429} officers learned that appellant was a suspect in a series of armed robberies and had several outstanding municipal court warrants. The officers were provided with a description of appellant and his vehicle. The vehicle was described as a beige Oldsmobile Cutlass Supreme, with license plate number 117VQN.

Early the next morning, Officer John Zimmers saw an unoccupied vehicle matching the description of appellant's automobile at the Sundance Apartments in Texas City. After a few hours of surveillance, Officer Zimmers saw an African American male fitting appellant's description, using a cellular telephone and holding a plastic bag containing a white substance, get in the car and drive away. Officer Zimmers immediately notified the police dispatch operator and his supervisor, Sergeant LaRoe.

Officer Brett Cyr, patrolling nearby in an unmarked police car, saw the vehicle leave the apartment complex. Officer Cyr allowed the vehicle to pass him and then positioned his vehicle behind appellant's vehicle at a stop light and activated his emergency lights. Two other police cars did the same. Appellant slowed briefly, but continued through the red light, going east. Officer Cyr turned on his siren after he saw appellant running the red light. With emergency lights engaged and siren on, Officer Cyr pursued the vehicle to 13th Avenue, where it turned into the parking lot of the Bay Point Apartments.

Officer Zimmers, already parked in the Bay Point Apartments' parking lot, watched appellant's vehicle as it entered the complex. Officer Zimmers got out of his car and drew his weapon when appellant's car approached him. Appellant accelerated and drove toward Officer Zimmers. After passing Officer Zimmers, appellant jumped from his still moving vehicle and started to run. Officer Zimmers and Sergent LaRoe saw appellant run into the apartment complex carrying a transparent plastic bag containing a white substance. Sergeant LaRoe chased appellant until he eventually tackled him. Then, with assistance from other officers, Sergeant LaRoe restrained appellant. The officers took appellant into custody and seized the plastic bag in his possession. The contents of the plastic bag tested positive for cocaine. The Texas City police arrested appellant.

Appellant provided a slightly different version of the events. Appellant testified that although he saw the police car behind him, he did not stop because he believed he was not doing anything wrong. Furthermore, appellant testified that the reason he jumped from his moving car and started to run was not because he was carrying 400 grams of cocaine, but because he saw an officer holding a weapon and was afraid of being shot. Appellant claims that Officer Zimmers drew his gun before appellant drove toward him.

Appellant was indicted with the felony offense of possession of more than 400 grams of cocaine with the intent to deliver. He filed a motion to suppress the cocaine seized during his arrest. After a hearing, the trial court denied appellant's motion to suppress. Appellant then entered a plea of no contest and waived his right to a jury trial. The trial court found appellant guilty as charged and assessed punishment at forty years' confinement in the Texas Department of Criminal Justice, Institutional Division.

## II. MOTION TO SUPPRESS

In his first point of error, appellant contends the trial court erred in denying his motion to suppress

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

evidence obtained during his arrest. More specifically, appellant argues that the police lacked probable cause to arrest and search him based on outstanding municipal arrest warrants.

{76 S.W.3d 430} At the hearing on appellant's motion to suppress, the State asserted the following three grounds in justification of appellant's arrest and search: (1) nineteen separate Texas City municipal arrest warrants 'for the failure to appear'; (2) evading arrest; and (3) possession of cocaine. The trial court denied appellant's motion to suppress on the ground that seven of the nineteen municipal arrest warrants were supported by probable cause. Appellant contends the trial court erred because the warrants fail to contain sufficient factual assertions by an affiant with personal knowledge to establish probable cause. Appellant's contention, as to the seven warrants at issue, lacks merit. 1

### A. Standard of Review

We review the trial court's ruling on a motion to suppress evidence under an abuse of discretion standard. *Long v. State*, 823 S.W.2d 259, 277 (Tex. Crim. App. 1991). A trial court's ruling on a motion to suppress, if supported by the record, will not be overturned. *Hill v. State*, 902 S.W.2d 57, 59 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd). At a suppression hearing, the trial judge is the sole finder of fact. *Arnold v. State*, 873 S.W.2d 27, 34 (Tex. Crim. App. 1993); *Hill*, 902 S.W.2d at 59. The trial judge is free to believe or disbelieve any or all of the evidence presented. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

In reviewing a trial court's ruling on a motion to suppress, we afford almost total deference to the trial court's determination of the historical facts that the record supports, especially when the trial court's findings turn on evaluating a witness's credibility and demeanor. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford the same amount of deference to the trial court's ruling on "application of law to fact questions," also known as "mixed questions of law and fact," if resolving those ultimate questions turns on evaluating credibility and demeanor. *Ross*, 32 S.W.3d at 856.

Review of a trial court's decision on a motion to suppress calls for the reviewing court to consider *de novo* issues that are purely questions of law, such as whether reasonable suspicion or probable cause existed at the time of the search or seizure. *See Guzman*, 955 S.W.2d at 89. If the trial court's ruling is reasonably supported by the record and is correct on any theory of law applicable to the case, the reviewing court will sustain it upon review. *See Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). This is true even if the decision is correct for reasons totally different from those espoused at the hearing. *See id.*

In this case, the trial court specifically stated it was denying the motion to suppress on the sole ground that the seven municipal warrants provided the officers with probable cause to arrest and search appellant. Because the trial court specified its reason for denying the motion, we must first address that ground. However, if we disagree with the trial court's reason, but find its ruling on the motion to suppress {76 S.W.3d 431} correct on a different theory of law applicable to the case, we still may sustain its decision.

### B. Probable Cause to Arrest and Search

The United States and Texas Constitutions protect against unreasonable seizures and prohibit warrants lacking probable cause. *See* U.S. CONST. amend. IV; TEX. CONST. art. I § 9. Arrests generally must be supported by the same level of probable cause, with or without a warrant. *See Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 564-66, 28 L. Ed. 2d 306, 91 S. Ct. 1031 (1971). A detached and neutral magistrate must find probable cause before a warrant for an arrest may be issued. *Coolidge v. New Hampshire*, 403 U.S. 443, 449, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971). For purposes of constitutional scrutiny, there is no substantial difference between an arrest

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

We note that the record does not include any clerk's certificate, which is frequently used in failure-to-appear cases to provide factual information to show the underlying bases for the affiant's conclusions. *See, e.g., Mavins v. State*, 886 S.W.2d 378, 379-80 (Tex. App.--Houston [1st Dist.] 1994, pet. dism'd). Neither the warrants nor the complaint refer to any clerk's certificate, and it appears that none were prepared in this case. Nevertheless, the clerk's affidavit and each complaint of appellant's failure to appear is signed and stamped with the Seal of the State of Texas; the clerk issued them under the authority of her office, and her office gives her the authority to issue oaths. *See* Tex. GOV'T CODE ANN. §§ 30.265 (Vernon 1988) & 602.002 (Vernon 1994); *Tullos v. State*, 162 Tex. Crim. 271, 284 S.W.2d 715, 717-18 (Tex. Crim. App. 1955) (finding deputy municipal court clerk authorized to act in own name).

We hold that the municipal warrants issued were valid. The failure to appear in court is a unique offense for purposes of issuing a warrant. By its very nature, a defendant's failure to appear is typically within the court's personal knowledge. *Atkins v. State*, 984 S.W.2d 780, 783 (Tex. App.--Houston [1st Dist.] 1999, no pet.). Whether the defendant appears or fails to appear is an easily ascertainable, objective event - either the party is in court or he is {76 S.W.3d 434} not in court. *Atkins*, 984 S.W.2d at 783. 2 The trial court issuing each of the warrants in this case was supplied with sufficient information to support an independent judgment that probable cause existed for the warrants. Therefore, the fact that appellant had several outstanding warrants gave the officers probable cause to arrest him. *See Welcome v. State*, 865 S.W.2d 128, 134 (Tex. App.--Dallas 1993, pet. ref'd); *Dempsey v. State*, 857 S.W.2d 759, 761 (Tex. App.--Houston [14th Dist.] 1993, no pet.). Because the warrants provided the officers with probable cause to follow and arrest appellant, the subsequent search and seizure was also justified. The search which yielded the cocaine was a search incident to a lawful arrest.

Even if we determined that the municipal warrants were not supported by probable cause, the officers still had probable cause based on the other two grounds urged by the State at the suppression hearing. If the trial court's ruling is correct on any theory of law applicable to the case, we may sustain it upon review. *See Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). This is true even if the decision is correct for reasons totally different from those espoused at the hearing. *See id.* Therefore, even if the trial court stated an incorrect reason for denying the motion to suppress, we may sustain its ruling on separate grounds. The State urged that the officers also had probable cause based on the fact that appellant evaded arrest and was in possession of cocaine. We agree.

Appellant testified that he saw the police following him, but he failed to stop because he believed that he was not doing anything wrong. Appellant continued to drive through a red light, jumped from his car when he saw a policeman trying to stop him, and ran away from the police into an apartment complex. Appellant's flight from the police officers, after they ordered him to stop, provided the police with probable cause to believe that appellant was evading arrest or detention. *See Reyes v. State*, 899 S.W.2d 319, 324 (Tex. App.--Houston [14th Dist.] 1995, pet. ref'd) (stating flight from show of authority is a factor in support of finding reasonable suspicion of criminal activity). A person evades arrest or detention if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him. *See* TEX. PEN. CODE ANN. § 38.04(a) (Vernon 1994). Furthermore, the police saw appellant carrying a bag of cocaine in his hand as he ran from his car to the apartment complex. A peace officer may arrest an offender without a warrant for any offense committed in the officer's presence or within the officer's view. *See* TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 1977). Before the officers even touched appellant, they had probable cause for unlawful possession of cocaine because they could see a white substance they believed to be cocaine in a transparent bag in appellant's hands. *See Haley v. State*, 811 S.W.2d 600, 603 (Tex. Crim. App.

1991), *Rosalez v. State*, 875 S.W.2d 705, 720-21 (Tex. App.--Dallas 1993, pet. ref'd). Therefore, we find the trial court did not abuse its discretion in {76 S.W.3d 435} denying appellant's motion to suppress. We overrule appellant's first point of error.

### III. EXTRANEOUS OFFENSES

In his second point of error, appellant contends the trial court erred by considering, during punishment, extraneous offenses contained in a pre-sentence investigation report. More specifically, appellant argues the trial court should not have considered the offenses because the State failed to provide notice under article 37.07, section 3(g) of the Texas Code of Criminal Procedure. We review the trial court's ruling as to the admissibility of extraneous offense evidence under an abuse of discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996).

Appellant timely sent a letter to the State requesting notice of all extraneous offenses, bad acts or character evidence to be used against him at the punishment hearing. The State does not dispute this fact, but maintains that there is no showing that the trial court considered anything other than final convictions. Thus, the State argues, appellant's rights under section 3(g) were not violated. We agree.

At the punishment hearing, appellant's objection to the pre-sentence report was based solely on article 37.07, section 3(g) of the Texas Code of Criminal Procedure, which provides:

> On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a *final conviction* in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice. TEX. CODE CRIM. PROC. ANN. art. 37.07. § 3(g) (Vernon Supp. 2002) (emphasis added). The purpose of the notice requirement is to avoid unfair surprise and trial by ambush. *See Nance v. State*, 946 S.W.2d 490, 493 (Tex. App.--Fort Worth 1997, pet. ref'd). Reports of prior arrests and offenses without convictions are generally held not admissible on the issue of punishment. *Bermudez v. State*, 504 S.W.2d 868, 872 (Tex. Crim. App. 1974); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon 1981). However, if the trial court considers only evidence which has resulted in a final conviction, notice is not required. *See Woodard v. State*, 931 S.W.2d 747, 750 (Tex. App.--Waco 1996, no pet.) (holding that appellant was not entitled to notice for extraneous offenses which have resulted in a final conviction).

Even if the information in the pre-sentence report about the prior arrests or bad acts without final convictions was improperly admitted without notice over appellant's valid objection, we still must determine whether it was reversible error because it affected appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Johnson v. State*, 43 S.W.3d 1, 3-4 (Tex. Crim. App. 2001). In this context, error affects a substantial right when it has a substantial and injurious effect or influence in determining the trial court's sentencing decision. *See Johnson*, 43 S.W.3d at 4. When overruling appellant's objections to the pre-sentence investigation report, the trial court specifically stated it would consider {76 S.W.3d 436} *only* those offenses which had resulted in a final conviction.

The range of punishment for possession of 400 or more grams of cocaine with the intent to deliver is fifteen to ninety-nine years or life and a fine of up to $ 250,000. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2001). The trial court sentenced appellant to forty years' imprisonment and no fine, after the State requested a sentence of sixty years' imprisonment. Appellant's prior final

© 2015 Matthew Bender & Company. Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

© 2015 Matthew Bender & Company. Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

convictions included a felony conviction for cocaine possession. This conviction appears in the enhancement paragraph of the indictment. Given appellant's prior conviction for cocaine possession, the trial court's statement that its punishment determination would not be based on any prior arrest or offense for which there was no final conviction, and the sentence given by the trial court, we conclude that the failure of the State to give appellant notice under article 37.07, section 3(g) of the Texas Code of Criminal Procedure did not have a substantial and injurious effect or influence in determining the trial court's sentencing decision. See *Patton v. State*, 25 S.W.3d 387, 394 (Tex. App.--Austin 2000, pet. ref'd) (holding that even if admission of prior conviction for criminal mischief during punishment phase was erroneous, it would not have been reversible error). Therefore, we hold that, even if the State's failure to give appellant notice under article 37.07, section 3(g) of the Texas Code of Criminal Procedure was error, it was harmless error on the facts of this case. See TEX. R. APP. P. 44.2(b); *Patton*, 25 S.W.3d at 394. We overrule appellant's second point of error.

Having found no error, we affirm the trial court's judgment.

/s/ Kem Thompson Frost

Justice

### Footnotes

1

Appellant correctly notes, however, that State's exhibits eight through nineteen, the other arrest warrants considered by the court during the motion to suppress hearing, lack probable cause because they are not supported by affidavits made by individuals with personal knowledge. During the motion to suppress hearing, testimony revealed that several of the affidavits were not sworn by the officer who actually observed events alleged in the warrant itself. Moreover, at the end of the suppression hearing, the trial court specifically held that exhibits eight through nineteen are not valid warrants and could not be used to provide probable cause to arrest and search appellant.

2

*Compare Mavins v. State*, 886 S.W.2d 378, 379 (Tex. App.-- Houston [1st Dist.] 1994, pet. dism'd) (holding that arrest warrant for failure to appear was supported by probable cause where personal knowledge of judge and clerk was expressly set forth in warrant and clerk's certificate respectively) *with Kosanda v. State*, 727 S.W.2d 783, 785 (Tex. App.--Houston [1st Dist.] 1987, pet. ref'd) (holding arrest warrant for failure to appear invalid because there was no evidence that the alleged failure to appear had occurred in the presence of the justice of the peace, and no authority that would allow the court to assume that the justice had such personal knowledge).

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.